## Joel P. Cooper v. Marcia V. Cooper.

*Divorce: Separation: Agreement.* Where husband and wife have parted, and agreed on a permanent separation, a wife, who has been induced by the urgency of her husband to return to him, will be justified in leaving him again if there is no improvement in their domestic affairs, although his misconduct may not be such as would have afforded sufficient proof of cruelty to justify a divorce on that account.

*Divorce: Unruly tempers.* Courts can not lawfully divorce parties merely because, from unruly tempers and mutual wrangling, they can not live happily together. They are bound to submit to the ordinary consequence of human infirmity and unwise selection, and the misconduct which will authorize a divorce must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable.

*Extreme cruelty.* The statutes do not confine the definition of extreme cruelty to physical violence, but the grievances, whether mental or physical, must be of the most aggravated nature, in order to justify a divorce.

*Desertion, when a ground of divorce.* A divorce can not be granted for desertion, unless it is against the consent or acquiescence of the deserted party; and when a separation has once been deliberately consented to, nothing but an unconditional resumption of former relations can restore the parties to such a position as would make a new separation by the departure of the wife such a grievance as would amount to a criminal desertion.

*Alimony: Costs.* The wife in this case was allowed a sum towards her expenses, beyond taxed costs, it not being deemed equitable, under the circumstances, to throw the whole burden on her separate allowance, which had been agreed upon at the separation, without reference to any such contingency.

*Heard July 8th. Decided July 13th.*

Appeal in Chancery from Kalamazoo Circuit.

The bill in this cause was filed by complainant to obtain a divorce from defendant on the ground of desertion.

The cause was heard on the pleadings and proofs, and a decree granted in favor of complainant.

The facts are stated in the opinion.

*Stuart, Edwards & May,* for complainant.

1. The bill in this case charges the defendant with desertion, and that only.

*a.* It is therefore insisted that the defendant can not charge the complainant with adultery occurring subsequent to the desertion, and where it in no way caused or tended to produce it.

It is no answer to the charge of desertion, and the statute does not contemplate, nor was it made to favor this species of equitable set - off.

*b.* The statute permits recrimination for the same crime or misconduct; and hence by fair implication excludes every other crime or misconduct, *expressio unius est exclusio alterius.*

*c.* The powers of the court as to divorces, depend on the statutes of this state, and not on any law derived from England.—*Hopkins, 557; 3 Edw. Ch. 462.*

A defendant can not resist a divorce for adultery by setting up the desertion of the complainant.—*4 Porter, (Ala.) 467; 12 Mo. 53; 4 Rawle, 460; 14 Wend. 637.*

2. But if not correct in this construction of the statute, it is well settled that the defendant must plead and clearly prove the charge. In other words, her proof must be sufficient to entitle her to a decree in case she were complainant.—*4 Paige, 432; 6 Mass. 276; 3 Barb. S. C. 236; Tyler on Inf. and Cov. § 689.*

3. As regards condonement, the rule is, that where the party cohabits with the offender, after probable knowledge of the offense, he shall be presumed to have remitted it. *Bishop on Mar. and Div. § 359.*

This rule is nevertheless based upon the implied promise of the complainant that he would abstain from personal violence in the future.

4. The cruelty which entitles the injured party to a divorce, is conduct which endangers the life or health of the complainant, and renders cohabitation unsafe.—*2 Paige, 501; 2 J. J. Marsh. 322.*

*Balch, Smiley & Balch,* for defendant.

1. The ill usage of the defendant by the complainant is a sufficient cause for her leaving him. It is always a defense to desertion when it constitutes cruelty or neglect,

and it has been held to be by some when it did not amount to such legal cruelty as would constitute an affirmative cause of action.— *1 Bishop on Mar. and Div. 791; 2 Danes. Ab. 308; Reeve Dom. Rel. 207; 5 Ire. 674; 16 Md. 213, 219; 4 Rand. 662; 18 Texas, 528.*

2. Such conduct by the husband as justifies the wife in leaving him is not only a defense to his action, but it constitutes desertion of the wife by him. There is no difference in law between leaving a wife to take care of herself, and making her life intolerable by cruelty and neglect, so that she can not live with her husband or in his presence. *1 Bish. on Mar. and Div. 569, 791, 792, 793, 794; 5 Ire. 674; Reeves Dom. Rel. 207; 18 Texas, 528.*

3. The articles of separation constituted an acknowledgment by him of his improper conduct towards her, and of her right to a maintenance separate and apart from him. He was liable to support her, and made provision for it.— *1 Bishop, 568, 578.*

4. The evidence shows that his conduct towards her was the same after her return as before — swearing at her, calling her names, accusing her of unchastity, etc. This was sufficient to revive the original cause of cruelty, neglect and desertion: A less degree of cruelty being required to revive a former cause than to constitute original cruelty or desertion.— *2 Bishop on Mar. and Div. § 58; 25 Vt. 678; 4 Barb. 217; 2 Greenl. on Ev. 53.*

5. It seems the other party may set up acts as a bar to a suit, that have been condoned, although the condonation might be a bar to a suit by the other party setting up the condoned acts. This is founded in the doctrine that the party complaining and asking relief must show himself blameless.— *2 Bishop on Mar. and Div. 97; 1 Hag. Ec. 789, 797.*

6. Slighter acts will bar, than found an original suit. *Astley v. Astley, 1 Hag. Ec. 714, 721.*

7. The adultery proved also revives the acts of cruelty, desertion and neglect. It is not necessary that the reviving act should be of the same kind as the original act. If the original cruelty, desertion or neglect were ever condoned, the subsequent act of adultery revived it and made it available as a defense, or as a cause of action against the complainant.—*2 Bishop on Mar. and Div.* §§ *53 to 64; 4 Paige, 460; 3 Hag. Ec. 618; 1 Hag. Ec. 733, 761.*

8. Condonation is always conditional. It is conditioned not only that the same act, or same species of acts, shall not be repeated, but also that the condoning party shall be henceforth treated with conjugal kindness.—*10 Paige, 24; 1 Ed. Ch. 439; 14 Wend. 637; 1 Hag. 734; 3 Ed. Ch. 173; 7 Paige, 60.*

9. Condonation of cruelty is not easily inferred against the wife. It has been held in Massachusetts and Pennsylvania, that the doctrine of condonation does not apply to cases of cruelty at all.—*6 Mass. 69; 6 Barr, 449; 2 Bishop on Mar. and Div. 51 and 52.*

10. The adultery constitutes a bar to the act of desertion. The question of whether one cause of divorce *a vinculo matrimonii*, would bar another of the same kind, though the acts be of a different nature, is answered in the affirmative by *Mr. Bishop*, in his work on *Marriage and Divorce.*—*2 Bishop, 93.*—And even where the defense set up is of a different grade, but sufficient to entitle the defendant to a divorce *a mensa et thoro,* he thinks it should be a bar.

Dissolution of the marriage has reference to a second marriage, and he who asks this privilege should have discharged properly the duties of the first.—*2 Bish. 92, and note to § 94, 76; Wright, 286; Paige on Div. 240; 11 Ohio, 233; Walk. Miss. 474; 29 Ga. 718; 1 Johns. Ch. 604; 2 Swab. and T. 467; 12 Mo. 53, 157; 9 Id. 539; 10 Cal. 249; 17 Abbott's Pr. Rep. 48.*

11. Evidence of adultery is usually circumstantial. It need not be proved to have taken place at any particular time or place; general cohabitation is enough.—*2 Bish. 613, 615; 2 Hag. Con. 1; 2 Hag. Con. 223.*

CAMPBELL J.

Complainant filed his bill to obtain a divorce on the ground of desertion. Defendant is shown, beyond dispute, to have left him in a somewhat clandestine manner in May, 1861, and to have remained away from him ever since, and it does not appear that there was at that time any immediate provocation which would, of itself, have explained or justified such a departure in the case of a wife, without some further reason lying back of it. Unexplained, such a desertion would come within the statute.

But the defendant resists the divorce on two grounds; *First,* Because she claims they had previously separated for good cause, and that their reconciliation had been conditional, and the conduct of her husband justified her leaving; and, *Secondly,* Because he had since been guilty of adultery, and had thereby debarred himself from claiming a divorce on any ground.

It appears that the parties had lived very unhappily together for several years, and that complainant's conduct had been unkind and harsh, and, at times, violent. In 1859, they agreed on articles of separation, whereby certain property and the custody of a part of the children were secured to the wife, with the usual covenants on her behalf, by a third person, who was made a temporary trustee to effect the transfers. In December, 1860, she was induced to return and live with him, and continued to do so until the time she left in May, 1861. During most of this time it appears that their domestic relations were very much as they had been formerly.

It is claimed by complainant that this return amounted to a condonation of the former grievances, and that there

had been no new cause of divorce which she could have relied on. We do not think that, in the technical sense, there was any case for condonation. The rights of the parties depend on very different grounds than those to which the effect of a condonation is usually sought to be applied. If they had never separated, it is not clear that the wife would have had any ground for a divorce previous to 1859. The law does not permit courts to sever the marriage bond and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable. Our statutes do not confine such cruelty to mere physical violence, which is by no means the worst injury that can be inflicted on persons of refined sensibility, but the grievance of whatever kind must be of the most aggravated nature to justify a divorce. While the proof shows that these parties lived in very unpleasant relations, it is not clear that matters had proceeded to extremity.

But desertion can only be complained of when it is against the will of the party who is deserted, and constitutes a grievance which deprives him of the society of his wife without his consent or acquiescence. If there be a separation by consent, that consent shows that the parties deem it no grievance to be deprived of each other's society, and nothing but an unconditional and entire resumption of their early relations can restore them to such a position as would make a new separation by the departure of the wife, as in this case, a criminal desertion.

In the case before us, although the wife returned, there was no cancellation of the articles of separation, and no return of the property which had been divided, although

there is some reason to believe that the husband had in view the purpose of getting her means away from her more than that of restoring the harmony of his household. It is very evident that the wife did not intend to remain with him unconditionally, and did not renounce her right under the articles. But she did not find the peace and harmony she desired, and he is estopped by the articles and by his conduct from now complaining of her desertion. It can not in law be regarded as a violation of his rights.

As we do not regard the defendant as having been guilty of desertion, it becomes needless to inquire whether she could, if guilty, rely on his subsequent adultery by way of recrimination. We shall, therefore, omit any discussion of the evidence on that subject.

The decree of the court below, granting a divorce, must be reversed, and the bill must be dismissed, with costs of both courts.

It is proper also to make complainant chargeable to some extent for the expenses of litigation, which should not be thrown entirely on the funds given for her separate maintenance. He must, therefore, pay a further sum of one hundred and fifty dollars to the defendant, by way of allowance for such expenses.

The other Justices concurred.