## CHARLES G. JOHNSON v. ABBY C. JOHNSON.

*! Divorce—Settlement of case on stenographer's notes—Extreme cruelty.*

A case in chancery may properly be settled on the stenographer's notes where the trial judge goes out of office before the time for settling the case expires ; and the procedure would be substantially the same as in settling a bill of exceptions at law. Act 8 of 1879.

A continual succession of petty annoyances, complaints, fault-finding and disparagement of his common sense, taste and judgment do not constitute such extreme cruelty as will justify granting a husband a divorce from his wife.

MOTION to vacate decree of divorce and remand for new trial on the ground that before the time for settling the case had expired the official term of the trial judge ended. Submitted April 4. Denied April 5.

*Campbell* for the motion.

*Millard* against.

Appeal from Monroe. Submitted October 20 and 31. Decided January 17

BILL for divorce. Defendant appeals. Reversed.

*Newton & Howard* and *H. M. Campbell* for complainant.

*Millard & Bean* and *John Atkinson* for defendant.

MARSTON, J. This is a bill for divorce on the ground of extreme cruelty. In the circuit court a decree was granted as prayed.

A great deal of testimony was taken and the private life of the parties for many years is set forth in detail. They have been married thirty-seven years; have children and grand-children; are both members in good standing of a church; have been prominent and conspicuous persons in society, and yet it is very evident that for a number of years they have not lived happily together.

The extreme cruelty relied upon, consists of petty annoyances, complaints and fault-finding, and the disparagement of complainant's common sense, taste and judgment. But as was said in *Cooper v. Cooper* 17 Mich. 210, "the law does not permit courts to sever the marriage bond and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable." Tested by what was thus said, when we consider the specific facts given in evidence to prove extreme cruelty, they are when separately considered of but slight importance. No doubt many of the little things now complained of were very annoying at the time, but such annoyances fall to the lot of many, who wisely bear therewith, rather than seek relief in the courts.

We do not think it wise to enter into any extended discussion of the facts in a case like the present, in hopes that wiser counsels may prevail, and that in a spirit of forgetfulness and forgiveness these parties may, as they should, become reconciled, and spend the remainder of their days under the same roof.

In my opinion the bill of complaint should be dismissed, and a gross sum of five hundred dollars allowed the defendant for costs and expenses.

The other Justices concurred.