HALL *v.* HALL.

1. AMENDMENT — PLEADING — EQUITY — DIVORCE — BILL OF COMPLAINT.

The question of amendments to a bill for divorce being one that addresses itself to the court's discretion, this court will not reverse a cause in which the bill alleged generally and without sufficient particularity the facts upon which complainant relied, where, upon objection being made at the hearing, complainant's solicitor offered to file an amended pleading covering the objections, but did not do so until the proofs were all closed; the trial court offering defendant such additional time as he might require to meet the amended averments.

2. DIVORCE—DRUNKENNESS—EXTREME CRUELTY.

The occasional or temperate use of alcoholic stimulants, or

even occasional drunkenness, does not constitute habitual drunkenness; but occasional intoxication, accompanied by cruel conduct and abusive language, may be held to constitute extreme cruelty, and to justify a divorce on that ground.[1]

3. SAME—ALIMONY—APPEAL AND ERROR.

That defendant since the hearing in the circuit has inherited a portion of his father's estate, does not warrant the appellate tribunal in modifying the award of alimony in consideration of his changed financial condition; complainant's remedy is by application to the court below.

Appeal from Wayne; Hosmer, J. Submitted June 6, 1912. (Docket No. 36.) Decided October 2, 1912.

Bill by Agnes L. Hall against B. Frank Hall for divorce. From a decree for complainant, both parties appeal. Affirmed.

*Ralph B. Wilkinson*, for complainant.

*Edward Cahill*, for defendant.

BROOKE, J. Complainant seeks a divorce from her husband, the defendant, charging him with drunkenness and extreme cruelty. The defendant denies all her charges and contests her right to any relief. He asserts that he feels the highest regard and affection for complainant, and that he believes a reconciliation can and should be effected. The parties were married in January, 1907, and lived together until December, 1910. Two children were born of the union; the last one a few days after their separation. This child was born in Detroit, at the home of complainant's father; complainant having gone there for her accouchment by reason of the alleged cruelty of the defendant. Thereafter and until March, 1911, defendant paid frequent visits to his wife in Detroit, and many attempts were made to arrange a *modus vivendi* between the parties. All these, however, proved abortive,

---

[1] For drunkenness as a ground for divorce, see note in 34 L. R. A. 449.

and complainant filed her bill of complaint March 3, 1911. This course was caused, or at any rate hastened, because the defendant, a day or two previous, had come to Detroit, and, without the knowledge or consent of the complainant, had taken their elder child, a little girl between three and four years of age, from the kindergarten in Detroit to his father's home in Lansing.

The complainant immediately went to Lansing, and, using some violence to effect an entrance to the home of her father-in-law, repossessed herself of the infant, and at once sought the aid of the court. After a hearing lasting several days, a decree was made, granting complainant a divorce upon the ground of extreme cruelty. The custody of the children was given to the mother, and alimony was fixed at the sum of $75 per month. Both parties have appealed; the complainant to secure an increase in the allowance made for alimony and solicitor's fees, and the defendant to obtain a reversal of the entire decree.

The original bill is somewhat general and vague in its averments. When the complainant was placed upon the stand and offered testimony of specific acts of drunkenness and cruelty on the part of the defendant, objection was made that the pleadings were insufficient to support the proofs. Complainant's counsel thereupon offered to file an amended bill setting out in detail the facts to be covered by the testimony. This amended bill was not filed, however, until the last day of the hearing, when the proofs were all in. The court allowed it to be filed, over the objection of the defendant. It is now urged by defendant that the court should not have permitted the filing of the amended bill, and that the testimony supporting the allegations contained therein should not be considered. While the practice followed by complainant is not to be commended, we are nevertheless convinced that no injustice was done the defendant in permitting the amended bill to be filed. This is a matter which addresses itself peculiarly to the discretion of the trial judge, who should exercise his power to permit amendments liberally

in the furtherance of justice; care being taken that the rights of the opposite party are properly protected.

In the case here under consideration, the court offered to grant to the defendant any time necessary to answer or procure testimony to meet the allegations of the amended bill. No delay was thought by defendant to be necessary; and this, we think, was obvious, as the charges contained in the amended pleading had been fully covered by the proofs upon both sides.

It would be profitless to the parties or to the profession to discuss at large the testimony contained in this voluminous record upon the questions of drunkenness and extreme cruelty.

While the occasional or temperate use of alcoholic stimulants, or even occasional drunkenness, do not, under the statute, constitute valid grounds for divorce, we are of opinion that even occasional intoxication, accompanied by cruel conduct and abusive language, may be held to be extreme cruelty under the statute.

" Extreme cruelty " is an exceedingly elastic term. Those acts, or that conduct and language, which in some walks of life would pass as the ordinary incidents of the marital relation, might constitute, in other social phases, the very refinement of cruelty.

We are convinced, after a careful perusal of the record before us, that the learned circuit judge reached a proper result, and that complainant was justified in seeking the aid of a court of equity to put an end to a relation which had become intolerable to a woman of refinement.

Since the hearing in the court below, the defendant has inherited a portion of his father's estate. We are asked to consider his changed financial condition in determining the question of alimony. This we cannot do; nor are we disposed to disturb the decree made below upon the showing there made, either as to alimony or solicitor's fees.

The decree stands affirmed; but complainant, if she is so advised, may apply to the circuit court for a modifica-

tion of the alimony feature thereof, basing her application upon defendant's altered financial condition. A counsel fee of $50, in addition to taxable costs, is allowed complainant upon this appeal.

MOORE, C. J., and STONE, OSTRANDER, and BIRD, JJ., concurred.