YOUNG *v.* YOUNG.

DIVORCE—HUSBAND AND WIFE—ESTATES BY ENTIRETIES—ALIMONY.
A decree of divorce in favor of complainant husband, giving to his wife one-half interest in certain real estate held by the entirety and worth about $1,200 over and above a mortgage thereon, *held*, to be equitable.

Appeal from Kent; Perkins, J. Submitted January 15, 1914. (Docket No. 87.) Decided March 26, 191

Bill by Gaylord T. Young against Elizzie Young for divorce. From a decree for complainant, defendant appeals. Affirmed.

*M. H. Walker,* for complainant.

*Powers & Dombrowski,* for defendant.

BROOKE, J. Complainant secured a divorce from defendant upon the grounds of desertion and extreme cruelty.

It appears that complainant had been married once before, his first wife dying in the year 1900. By her he had eight children, seven of whom grew to maturity. In 1906 he married defendant, with whom he had been acquainted for a great many years. At the time of the marriage, complainant seems to have been possessed of but little property. Shortly after that event, one of his six sons died, and complainant received some $1,280 of life insurance. This sum he invested in an 80-acre farm, the title to which was taken in the names of himself and wife by entirety. A mortgage of $300 remained upon this property. Complainant's mother, a very old lady, resided upon and owned a farm of 40 acres, adjoining which was

a plot of 18 acres belonging to complainant and a crippled brother, Robert. With the old lady lived her crippled son, Robert, and complainant's son, Charles. The 58 acres was worth about $1,200, and was mortgaged for $600. Complainant's mother died in 1909, and it was decided that this farm should be sold. Complainant asked defendant to join in a deed of the place to a Mrs. Austin, who had offered $1,200 for it. This she flatly refused to do, because she disliked Mrs. Austin very much, and believed that Mrs. Austin was, to some extent, responsible for the fact that her husband's relatives had, as she claimed, always treated her badly. Starting with this difference, matters went from bad to worse, until in 1910, when complainant, claiming that life with defendant was no longer tolerable, left her, and in 1912 filed his bill of complaint. Defendant filed an answer and cross-bill, but prayed for no relief, except that she asked for alimony and an additional solicitor's fee.

The court below granted to complainant the relief sought, and by the decree changed the tenancy of the parties in the farm to one in common, awarding to each an undivided one-half interest therein. Defendant's counsel urge that complainant is not entitled to a decree of divorce and that, if he is, an insufficient allowance of alimony was made. In support of their contention, they cite *Cooper* v. *Cooper,* 17 Mich. 205 (97 Am. Dec. 182) ; *Johnson* v. *Johnson,* 49 Mich. 639 (14 N. W. 670) ; and *Morrison* v. *Morrison,* 64 Mich. 53 (30 N. W. 903). The principles announced in these cases have been consistently followed by this court. The question is: Are they applicable to the case at bar?

An extended review of the evidence would be of no profit to the profession. It is sufficient to say that, if any doubt might exist as to complainant's right to the relief granted, based upon his evidence and that offered in his behalf, that doubt at once disappears

upon a perusal of defendant's testimony. Complainant is an old man, and, in our opinion, is entitled to pass his remaining days in peace. Complaint is made of the award of alimony. We think it is equitable. One-half of all complainant has is awarded to defendant. She did not assist in earning any part of the joint estate.

The decree of the court below is affirmed, but without costs.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.