GALER v. McAFEE.

1. MINES AND MINERALS—OIL AND GAS LEASE—FORFEITURE—STATUTES.

Lessors claiming forfeiture of oil and gas lease may proceed under either section of statute (3 Comp. Laws 1929, §§ 13506, 13507) providing different methods for terminating lease, without making demand for release.

2. SAME—DAMAGES—RELEASE—STATUTES.

In suit for cancellation of oil and gas lease, where lessee in default did not tender release of lease until after hearing of case, trial court properly awarded lessors $100 damages as provided for in statute (3 Comp. Laws 1929, § 13507).

3. PLEADING—AMENDMENTS—EQUITY—JUSTICE—STATUTES.

Under 3 Comp. Laws 1929, § 14144, court has power to grant plaintiffs leave to amend bill of complaint, even after hearing, in order to protect substantial rights of parties and secure ends of justice.

Appeal from Mecosta; Pugsley (Earl C.), J. Submitted January 5, 1933. (Docket No. 38, Calendar No. 36,889.) Decided March 1, 1933.

Bill by August Galer and another against Don G. McAfee for reformation or cancellation of an oil and gas lease. Decree for plaintiffs. Defendant appeals. Affirmed.

*John E. Dumon,* for plaintiffs.

*Louis T. Herman* (*Henry J. Blakely,* of counsel), for defendant.

BUTZEL, J.  On April 27, 1928, August Galer and wife gave an oil and gas lease to certain lands in Mecosta county to one Lorenzo Mitchell.  Plaintiffs claim that, without their knowledge and consent, the lease was materially altered after execution, either by Mitchell or by one I. H. Riebow.  Mitchell assigned the lease to Don G. McAfee, defendant herein, and the assignment was recorded.  The lease was for a term of five years, and provided that plaintiffs were to receive one-eighth of all oil produced and other considerations.  It provided, however, for termination at the end of two years, unless lessee began drilling operations for gas and oil within that period.  If drilling was not begun, the lease might be extended for 12-month periods upon payment of 25 cents a month for each acre of the property leased, payment to be made in advance on the first day of each month.  Defendant did not begin operations as required, nor did he make any payments whatsoever.

On June 3, 1931, plaintiffs filed a bill for reformation or cancellation of the lease and such other relief to which they might be entitled.  After the hearing of the case, but before decree, defendant duly recorded a release of all his right, title, and interest under the lease, and thus removed the cloud upon the premises, in accordance with plaintiff's bill of complaint.  After the release was recorded by defendant, plaintiffs asked leave to amend their bill of complaint and prayed for recovery of $100 in liquidated damages as provided for under 3 Comp. Laws 1929, § 13507.  The trial judge, holding that plaintiffs had waived reformation, granted leave to amend their bill, and assessed damages of $100 and costs against defendant as provided by statute.

Defendant contends, on appeal, that the judge erred in assessing the damages of $100; that in no event could it be exacted before plaintiffs made a demand for a release of the lease; and that the court should not have permitted plaintiffs to amend the bill of complaint after a release had been voluntarily filed by the defendant. Section 13506 provides a speedy method by which an oil and gas lease may be terminated of record without court procedure. Section 13507 provides a method in lieu of that described in section 13506, whereby suit may be brought to secure a release and $100 as damages, plus any additional damages which may be proved. The statute does not require that demand for a release be made before bringing suit for damages. A lessor, claiming forfeiture of a lease, may proceed under either section.

There are somewhat similar statutes in other States affecting oil and gas leases. The New Mexico, Oklahoma, Montana, Louisiana, and Kansas statutes are almost identical with sections 13506 and 13507, *supra,* except that the former contain specific provisions requiring a demand as a condition precedent to a suit. Decisions from those States, therefore, are not applicable.

Defendant claims that the proceeding is analogous to that of a replevin suit, where demand is sometimes necessary. In replevin suits, however, the original possession may be lawful and becomes unlawful only after possession is demanded. When oil and gas leases are involved, the provisions are plain in regard to what constitutes a forfeiture, and the statute does not provide for a demand before suit may be begun and statutory damages exacted. Inasmuch as the law of this State seems to be modeled after those of other States where such a demand is

necessary, we are led to the conclusion that the provision for a demand may have been purposely omitted.

When the present suit was begun, defendant had an opportunity to give a release. He knew that the suit was for the purpose of canceling the lease. He waited until after the hearing before executing such a release, and the trial judge was correct in assessing $100 in damages, in accordance with the statute.

Under 3 Comp. Laws 1929, § 14144, the court had the power to give plaintiffs leave to amend the bill of complaint, even after the hearing, in order to protect the substantial rights of the parties and to secure the ends of justice. *City Bank & Trust Co.* v. *Hurd,* 179 Mich. 454; *Hall* v. *Hall,* 172 Mich. 210.

The decree of the lower court is affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.