### JAIKINS v. JAIKINS.

1. DIVORCE—SUPREME COURT—DE NOVO HEARING.

   A divorce case is an equity case that is heard *de novo* and while the Supreme Court gives due consideration to the findings of the trial judge, it is the duty of the Supreme Court to weigh the evidence and reach an independent conclusion.

2. SAME—EXTREME CRUELTY.

   A divorce may be granted on the ground of extreme cruelty but the grievances whether they be physical or mental must be of a sufficiently aggravated nature to justify a decree (CL 1948, §§ 552.7, 552.8).

3. SAME—EXTREME CRUELTY—COMPARATIVE GUILT.

   Divorce on the ground of extreme cruelty is awarded plaintiff husband notwithstanding he may not have been blameless, where in applying the rule of compared fault his comparative guilt is outweighed by that of the wife (CL 1948, §§ 552.7, 552.8).

4. SAME—EXTREME CRUELTY—MENTAL IRRESPONSIBILITY.

   Mental irresponsibility is not a defense to suit for divorce on the ground of extreme cruelty if the defendant wife was capable of comprehending and understanding the wrong she was committing (CL 1948, §§ 552.7, 552.8).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.
[2–5] 17 Am Jur, Divorce and Separation § 189.
[6] 17A Am Jur, Divorce and Separation § 810 *et seq.*
[7] 17 Am Jur, Divorce and Separation §§ 629–652.

5. Same—Extreme Cruelty—Cruelty to Children.
> The failure of parental due care of children coupled with some proof of mistreatment of them is evidence of statutory extreme cruelty justifying decree of divorce (CL 1948, §§ 552.7, 552.8).

6. Same—Custody of Children—Visitation—Additional Judges.
> Cause is remanded to circuit court for determination by trial judge who is authorized to request other judges of same circuit to sit with him when determining matters of custody of children and visitation rights of defendant mother, where Supreme Court granted husband divorce on ground of extreme cruelty.

7. Same—Costs.
> Costs and fees on appeal are left to trial judge, where Supreme Court has granted decree of divorce to plaintiff husband on ground of extreme cruelty and cause is remanded to circuit court for determination of custody and mother's right of visitation.

Appeal from Oakland; Beer (William John), J. Submitted June 5, 1963. (Calendar No. 18, Docket No. 49,764.) Decided June 13, 1963. Opinion filed July 17, 1963.

Bill by James W. Jaikins, Jr., against Marian E. Jaikins for divorce on ground of extreme and repeated cruelty. Cross-bill asking similar relief. Divorce denied to either party, with decree providing for custody and visitation of children pending further proceedings. Plaintiff appeals. Defendant cross-appeals.

Reversed and remanded for entry of decree of divorce to plaintiff and for further proceedings in respect to custody and welfare of children.

*Forsythe & Beasley* (*William R. Beasley,* of counsel), for plaintiff.

*David C. Pence,* for defendant.

PER CURIAM. Of the bitter and irreconcilable testimony given in this tragic divorce case, the least set forth in our reports the better for the minor children of the parties, particularly when they have grown to read and comprehend. Their interests surely are primary.

At conclusion of a grimly contested 9-day hearing the trial judge denied a divorce to both parties on bill and cross-bill. Both appeal. Each insists that he or she should have a decree as prayed. The trial judge filed no findings of fact with respect to the issues presented by bill and cross-bill and contented himself with summary ruling set forth in the appendix hereof. Thus, hearing the case to arrive at the required "independent conclusion,"[1] we are left to weigh credibility and find facts as best an appellate court can from comparatively lifeless printed words.

Urgent questions of child custody and visitation being foremost in the order of judicial concern, and this Court having decided after extended conference that a cause for divorce had been made out by the plaintiff husband, the following order was issued under date of June 13, 1963:

"Ordered that the decree entered in this cause on March 5, 1962, insofar as same adjudges denial of a divorce to plaintiff according to the prayer of his bill, be and the same is hereby reversed.

"Ordered further that this cause be and is remanded to the Oakland county circuit court for entry of a decree granting plaintiff an absolute divorce, and for further proceedings consistent with this order and such new decree, including prompt hearing

---

[1] "This being an equity case we hear it *de novo*. *Bankers Trust Company* v. *Bradfield*, 324 Mich 116. While we give due consideration to the findings of the trial judge, nonetheless it is our duty to weigh the evidence and reach an independent conclusion. *Hawthorne* v. *Dunn*, 210 Mich 176, 179." (*Hitchman* v. *Township of Oakland*, 329 Mich 331, 335, 336; followed in *Prudential Ins. Co.* v. *Cusick*, 369 Mich 269, 284.)

of all pending issues pertaining to custody and welfare of the minor children.

"Aside from providing for a decree of divorce as directed above, the prime purpose of this order is that of restoring to the circuit court immediate jurisdiction over all unsettled matters including such as have been presented by pleadings filed since the original record was certified to this Court.

"The final 2 sentences of the opinion of *Vial* v. *Vial,* 369 Mich 534, 538, are repeated and adopted for application to this case on remand. The Court's opinion on review, now in the course of preparation, is due for release on the date of the Court's next conference."

The first question, decided as above by our order of June 13th, was whether either party had made out a cause for divorce.

This Court said, in *Fansler* v. *Fansler,* 344 Mich 569, 579, and we repeat for the case at hand, that:

"CL 1948, §§ 552.7, 552.8 (Stat Ann §§ 25.87, 25-.88), provide that a divorce may be granted on the ground of extreme cruelty, but does not define extreme cruelty. In *Brookhouse* v. *Brookhouse,* 286 Mich 151, this Court said that grievances, to justify a decree, may be mental or physical, if they are of a sufficiently aggravated nature."

The Court has said further, in *Hall* v. *Hall,* 172 Mich 210, 213 (cited in *Fansler, supra* at 579), that " 'Extreme cruelty' is an exceedingly elastic term", and that "Those acts, or that conduct and language, which in some walks of life would pass as the ordinary incidents of the marital relation, might constitute, in other social phases, the very refinement of cruelty."

Unaided as we are by findings and conclusions disclosing what testimony to believe and what to disbelieve, it appears from print by reasonable preponderance that the defendant wife was guilty of

some of the acts of cruelty testified to by the plaintiff husband and his witnesses and, in particular, that she did not on regular occasion treat the infant children and care personally for them as a mother should. That such may have been due to temporary or intermittent mental disturbance is possible, yet, as in *Vial* v. *Vial,* 369 Mich 534, it is factually concludable that the mother's mental troubles were not of such nature as to render her incapable of comprehension and understanding of what she did in the way of acts and attitudes toward the children and her husband.[2] This is not to say that the plaintiff husband was blameless. It is to say that he appears to have been a good father, and that his comparative guilt as husband is outweighed by that of the wife. Here we apply the rule of compared fault, found in *Boter* v. *Boter,* 338 Mich 187, and cases cited therein.

We are not unaware that a distantly seated appellate court should approach these findings with caution and full understanding of the fact that little children are quite a care, especially for their mother during the diaper years. Yet that court is not relieved from responsibility for tending well to the primary duty of judicial guardianship of small children, nor is it relieved from holding when it should that failure of parental due care of such children, coupled with some proof of mistreatment of them, is of itself evidence of statutory cruelty. The record before us indicatively suggests that such is the case and that the trial judge so far has awarded primary custody of the children to the father, rather than to the mother, on that account.

---

[2] "Mental irresponsibility is not available as a defense to cruelty if the defendant was capable of comprehending and understanding the wrong he was committing. 9 RCL, Divorce and Separation, p 334, § 113." *Fansler* v. *Fansler, supra,* at 579. See same rule, *Gardner* v. *Gardner,* 239 Mich 306, 309.

We have found, and now record such finding, that the proof of unmarital attitude and unwifely action on the part of the defendant wife, combined with the proof of want of care and mistreatment by her of the children as fairly disclosed, constitutes a case of statutory cruelty and that a decree of divorce should have been entered below on the plaintiff's bill. To be explicit for the purpose of precedent, the Court adopts the rule that mistreatment of children, if the other parent as here is guiltless thereof, constitutes some evidence of cruelty by the guilty party which justifies a divorce. For elaboration, see annotation, "Mistreatment of children as grounds for divorce," 82 ALR2d 1361.

The second question highlights the difficulty of consideration of custodial controversies by a court which has not even seen the witnesses and those whose independent advices are vitally needed, such as the friend of court and his aides.

The trial judge was commendably concerned about the rights and well-being of the minor children. One, Mary Ann Margaret, was born in 1955. The other, James W. Jaikins III, was born in 1956. Prior to full hearing below, and ultimately by the appealed decree, custody was awarded to the plaintiff father. The decree reads:

"(b) That in the interests and welfare of the minor children, the court having determined and requested that defendant, Marian E. Jaikins, undergo psychiatric examination and evaluation, and she having failed and neglected to undergo such psychiatric examination and evaluation, the rights of visitation of defendant, Marian E. Jaikins, with the minor children, Mary Ann Jaikins and James W. Jaikins, III, be, and the same hereby is, limited to the premises of the father where the children now live, and such visitations shall be made on Tuesday and Friday of each week between the hours of 2

o'clock p.m. and 5 o'clock p.m., and then with sufficient surveillance and supervision; that in the event of any dispute concerning the nature of this surveillance and supervision, the friend of the court may act as an arbiter thereof, subject only to the review thereof by this court in the case of any dissatisfaction with the arbiter's ruling."[3]

During oral argument both counsel advised that the defendant wife, upon allegation of intervening and favorable new circumstances, has applied recently for transfer of custody to her. Her petition, duly answered by the plaintiff husband, pends before Judge Beer; hence our determination to restore immediate jurisdiction to his court in order that such new issue may be determined promptly with one polar rule in mind, the prima-facie right of the mother under the statute, qualified only by what upon searching proof and judicial meditation is best for 2 beset and bewildered youngsters. Their lives and environmental upbringing are due, as matters now appear, for control more or less permanently by not 1 but expectably many judicial orders. Such orders should be right, and they can be made right only by the exercise of extraordinary judicial care.[4]

No ground has been shown for criticism of any of the trial judge's past and current orders pertaining to custody and visitation. On that score we conclude he has done well with what, usually, becomes the most difficult of all judicial tasks. The case is remanded, per foregoing order, accompanied only by advices that the trial judge may, in his discretion, request the sitting with him of 1 or 2 additional judges of the sixth circuit to determine future ques-

---

[3] A modifying order was entered July 9, 1962. The order retains custody in favor of the father, subject only to right of the mother to take the children from the father's home on limited occasions.

[4] For latest enunciation in a like case, see *Ostergren* v. *Ostergren*, 368 Mich 408.

tions of custody and visitation, all in the interest of
satisfying the parties, if satisfaction is possible, that
judges who see and hear are better equipped to de-
cide custodial and best interest questions than are
judges of appellate courts.

The foregoing opinion records our decision of
June 13th with reasons for such decision. The ques-
tion of costs and fees on appeal is left to the trial
judge, as in *Vial* v. *Vial,* 369 Mich 534.

DETHMERS, KELLY, KAVANAGH, SOURIS, SMITH, and
O'HARA, JJ., concurred.

CARR, C. J., concurred in result.

BLACK, J., took no part in the decision of this case.

## *APPENDIX*

### (Quotation from "Ruling of the Court", made from the bench November 27, 1961)

"From all the proofs, the circumstances of this
case are such that it will not be discreet and proper
to grant divorce on either the bill of complaint or
the cross-bill of complaint.

"The complete contradictions in the testimony
have made it difficult to determine the facts. Neither
party in my opinion has proven a cause of action for
divorce by a fair preponderance of the evidence.
Further, on the record before me, they have each
contributed to their marital difficulties.

"There are indications Mrs. Jaikins may not be
well mentally. This is not cause for a divorce. The
marriage contract under the laws of this State is for
life, in sickness and health, for better or worse, un-
less statutory extreme cruelty is proven by a fair
preponderance of the evidence.

"Divorce is denied to each party. The bill and the
cross-bill are dismissed."