## NISKANEN v. NISKANEN.

1. DIVORCE—NONSUPPORT—EVIDENCE.

Evidence presented in wife's suit for divorce supported conclusion that husband had performed his legal obligation of support to the extent of his capacity and that plaintiff's voluntary contributions of her own income to the family's needs did not alter the situation (CL 1948, § 552.8).

2. SAME—EXTREME CRUELTY—EVIDENCE.

Wife failed to justify a decree of divorce on the ground of extreme cruelty by her uncorroborated testimony wherein it was conceded defendant had never struck her, and testimony of her alleged fear of physical harm is not so subversive of the family relation as to render the association intolerable, since plaintiff resumed marital relations with defendant after alleged threat (CL 1948, § 552.8).

3. SAME—SUPREME COURT—DE NOVO HEARING—EVIDENCE.

It is incumbent upon the Supreme Court, in the furtherance of public policy and protection of the interests of the State regardless of the wishes of the parties or of who raises the question, to deny a decree of divorce, where the proofs are insufficient to establish grounds therefor, as the Supreme Court hears the case *de novo*.

4. SAME—COSTS.

No costs are allowed defendant husband in suit for divorce, where decree for wife is set aside on his appeal.

BLACK and O'HARA, JJ., dissenting.

---

* Continued from Volume 370 Michigan.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 173–175.
[2] 17 Am Jur, Divorce and Separation §§ 46–55, 437.
[3] 5 Am Jur 2d, Appeal and Error § 868.
[4] 17 Am Jur, Divorce and Separation §§ 630, 644, 645.

(1)

Appeal from Lake; Stephens (Rupert B.), J. Submitted May 8, 1963. (Calendar No. 53, Docket No. 49,476.) Decided September 4, 1963.

Bill by Gladys Niskanen against Erland Niskanen for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Charles A. Wickens,* for plaintiff.

*Philip L. Hogan* and *Gary C. Hoffman,* for defendant.

SOURIS, J. Plaintiff wife was awarded a decree of divorce on ground of extreme and repeated cruelty. CL 1948, § 552.8 (Stat Ann 1957 Rev § 25.88). Defendant appeals, claiming plaintiff's proofs failed to establish the requisite statutory ground for divorce. We agree and, so, must reverse this decree.

The parties were twice married. The first marriage ended by divorce after either 4 years or 7,— inconsistencies in the record make it impossible to determine when with any degree of certainty. After a lapse of at least 4 years, or possibly 7, the parties remarried. No children were born of either marriage.

Plaintiff's testimony relating to her claims of cruelty were not corroborated by any other witness. Her own testimony sometimes fell short of that reasonably expected from her by her counsel (if one may assume it is not unreasonable of counsel to expect a litigant to verify by direct testimony what has been pleaded), thereby inducing counsel to supply the missing facts by testimonial interrogation. One example will suffice to illustrate our concern over this record:

"*Q*. Would it be possible for you to run a normal house, taking into consideration this habit of his of coming home at irregular times?

"*A*. No. I couldn't.

"*Q*. You are stating then that drinking has made a problem as far as his not coming home on time."

The record does not support counsel's testimonial conclusion. Plaintiff did not testify in her preceding examination that defendant's irregular hours were the result of "drinking." As a matter of fact, even her subsequent testimony fails to establish this claim. Instead, it discloses that plaintiff herself realized defendant's employment caused such irregularity, in substantial part at least. So much for the technical inadequacies of this record.

Accepting plaintiff's testimony at its face value, it fails to establish grounds for divorce. She testified that defendant drank beer daily, but she didn't know how much he consumed; that on 1 occasion he was discourteous to guests in their home by reading a newspaper in their presence; that he objected to plaintiff's attending meetings of a garden club and that plaintiff resigned when a meeting was about to be scheduled for her home because she feared defendant would embarrass her in front of her friends; that defendant, never very talkative anyway, refused to discuss with her household problems; and that defendant never took her out socially except to taverns.

Plaintiff conceded that defendant never struck her, but testified that she left the marital domicile on the morning after defendant asked her, "What do I have to do, beat you to get rid of you?" She now professes this caused her to fear physical harm, but apparently she was not then frightened for she remained in the home with defendant until the following morning. Subsequently, until shortly before

filing her bill of complaint, she resumed marital relations with defendant notwithstanding the fears she now professes.

Much of plaintiff's testimony relates to her claim that defendant failed to support her during the marriage. Her own testimony belies the claim. She testified that defendant gave her his weekly pay, from which she would retain between $50 and $60 and from which she would give defendant $20 or $25 for his daily expenses. She candidly conceded she never objected to this arrangement, but maintains now that defendant's financial contribution was inadequate to the parties' needs. She claims it was necessary for her to contribute the monthly income from property she acquired before marriage to the joint family bank account, in a total amount of about $6,000 over the 4-year span of the present marriage. She makes no claim that defendant withheld any of his income from her, nor does she claim that her own financial contribution to the family was involuntary. The conclusion is inescapable that defendant performed his legal obligation of support to the extent of his capacity and plaintiff's voluntary contributions of her own income to the family's needs cannot alter the situation.

There is no other evidence in this record from which we can find properly that defendant was guilty of cruelty within the meaning of the cited statute authorizing judicial severance of marriage relationships. As we said in *Williams* v. *Williams,* 351 Mich 210, at 213:

"Cruelty we have, indeed, made a ground for divorce * * * but the cruelty we demand is more than display of temper, more than exasperating habits of conduct or expression. We must get into the realm of the evil and the wicked, of brutality, of malignancy, of indignities endangering mental or physical health. None of this do we here find."

In *Cooper* v. *Cooper,* 17 Mich 205 (97 Am Dec 182), the Court said, at 210:

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities, and of unwise selections, and the misconduct which will form a good ground for a legal separation must be very serious, and such as amounts to extreme cruelty, entirely subverting the family relations by rendering the association intolerable. Our statutes do not confine such cruelty to mere physical violence, which is by no means the worst injury that can be inflicted on persons of refined sensibility, but the grievance, of whatever kind, must be of the most aggravated nature to justify a divorce. While the proof shows that these parties lived in very unpleasant relations, it is not clear that matters had proceeded to extremity."

Our decision to reverse the decree of divorce entered in this case is not made without concern for the consequences of our action upon the parties. However, as we have noted before, divorce is a statutory remedy in which our role is narrowly restricted for reasons of public policy.

"Divorce may only be had when the statutory grounds have been established. We hear the case *de novo* and, upon finding the proofs insufficient to establish such grounds, it is incumbent upon this Court, in furtherance of public policy and protection of the interests of the State, regardless of the wishes of the parties or of who raises the question, to deny a decree of divorce." *Unjian* v. *Unjian,* 344 Mich 423, 427, 428.

The decree entered below is reversed. A decree may be entered in this Court dismissing plaintiff's bill of complaint. There shall be no costs taxed.

Carr, C. J., and Dethmers, Kelly, Kavanagh, and Smith, JJ., concurred with Souris, J.

Black, J. (dissenting). In *Hayes Construction Co. v. Silverthorn*, 343 Mich 421, this Court told by descriptive phrasing why carefully prepared and recorded findings of fact—by trial judges and chancellors alike—should as a rule receive due acceptance here. What was said in *Hayes* should be applied to today's fact review of another contested divorce case (p 429):

"The hesitant word and the averted glance stand on a parity, on the printed page before us, with the positive assertion and the forthright expression. Not so in the mind and conscience of the *nisi prius* judge. He makes his appraisal of truth or falsity upon an evaluation of all the elements visible and audible, and while cases may occur in which his disregard for the clear preponderance is manifest even in these chambers, this case is not one of them."

Here the trial chancellor has watched and listened to the giving of typically contradictory and sometimes uncertain testimony, and then has recorded his findings and conclusions in a carefully drawn opinion consisting of 7 printed pages. In these circumstances I am loath to reverse on purely factual ground that the sum of adduced testimony does not establish any 1 or all of the grounds for divorce found below. Statutory cruelty "is an exceedingly elastic term" (see *Hall* v. *Hall*, 172 Mich 210, 213, quoted recently in *Jaikins* v. *Jaikins*, 370 Mich 488), and the presence or absence of proof thereof is primarily a matter for determination by the judge whose position is comparably better when the assigned task is that of weighing testimony and appraising the attitude, character and veracity of the parties and witnesses sworn before him.

· · The principal point, urged below and here by the defendant husband, is that the plaintiff wife legally condoned the acts and causes for divorce upon which she relies. On the face of the record such point is not without merit. However, with what I deem persuasive reasoning, Judge Stephens found and concluded:

"In the instant case, the proofs disclose misconduct on the part of the husband which consisted of abuse and threats resulting from excessive drinking which forced her, during July or early August, to leave their home in Conklin. Since establishing her residence in Lake county, she permitted the defendant to visit her. There was no evidence in the case indicating that the wife was interested in another man or that the separation was caused by such. The defendant testified that he had requested her to return to their home, which she refused to do, although his visits were permitted.

"The only logical conclusion which the court can reach after a careful study of the testimony is that the plaintiff was reluctant to see the marriage terminated, hoped that the defendant would better control his drinking and the resulting abuse of her and that eventually the parties might resume their former and full relationship. This would appear to be in keeping with the policy of the law to encourage the exercise of forbearance in the institution of actions for divorce. In the instant case, her efforts were unsuccessful as indicated by the argument which he started as a result of her refusal to entertain another couple in her trailer. Had she consistently refused sexual intercourse and displayed no affection for him during his visits, the possibilities of a reconciliation might have been considerably reduced.

"The court is of the opinion that, despite the several acts of intercourse, the plaintiff did not condone his previous acts of cruelty under the some-

·what unusual circumstances of this case and that she is entitled to a decree of absolute divorce."

In my view Judge Stephens' opinion is amply supported by sufficient proof. I therefore vote to affirm, without an award of costs.

O'HARA, J., concurred with BLACK, J.