## ROMATZ v. ROMATZ.

1. MARRIAGE—GROUNDS FOR ANNULMENT.
   A marriage contracted in another State can be annulled only upon grounds which rendered it void or voidable under the *lex loci contractus.* ·

2. SAME—VALIDITY.
   A marriage that was valid in State where contracted will be recognized as valid in this State.

3. SAME—ANNULMENT.
   Annulment proceedings are strictly statutory.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 35 Am Jur, Marriage § 167.
[3] 35 Am Jur, Marriage § 57.
[4, 5] 35 Am Jur, Marriage § 60 *et seq.*

4. SAME—ANNULMENT—EQUITY—JURISDICTION.

A court of equity is not authorized by statute to take jurisdiction for the purpose of annulment of the marriage of an incompetent person when the marriage was performed out of this State.

5. SAME—JURISDICTION—DOMICILE.

Jurisdiction to entertain an annulment suit is governed by the law of the domicile.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 13, 1956. (Docket No. 73, Calendar No. 46,813.) Decided September 4, 1956. Rehearing denied January 17, 1957.

Bill by Anton Romatz, by James S. Soltesz, guardian and next friend, against Matilda Winters Romatz to annul marriage. Following death of plaintiff his children intervened as heirs and case was tried. Decree for plaintiffs. Defendant appeals. Reversed and decree ordered dismissing bill.

*Raymond L. Miller* and *A. Albert Sugar,* for plaintiffs.

*Joseph Sanders,* for defendant.

SHARPE, J. Plaintiff, James S. Soltesz, as guardian of Anton Romatz, filed a bill of complaint in the circuit court of Wayne county against Matilda Winters Romatz to annul a marriage between Anton Romatz and Matilda Winters Romatz performed in the city of Toledo, Ohio, on March 26, 1954. The essential facts are not in dispute and are as follows: After the parties were married they resided in Detroit, Michigan. On April 5, 1954, the children of Anton Romatz filed a petition in the probate court of Wayne county to have Anton Romatz declared an incompetent and to have a guardian appointed to handle his affairs. On June 1, 1954, an order was entered in the probate court of Wayne county declar-

ing Anton Romatz an incompetent, and James S. Soltesz was appointed his guardian. On July 7, 1954, James S. Soltesz, as guardian of Anton Romatz, filed his bill of complaint for an annulment of the marriage of Anton Romatz and Matilda Winters Romatz. The bill of complaint was later amended by naming James S. Soltesz as next friend instead of as guardian. On July 24, 1955, Anton Romatz died.

The cause came on for trial, and at the conclusion of plaintiffs' case, the defendant moved for judgment dismissing plaintiffs' bill of complaint, in part, as follows:

"The statutes of Michigan under which this case is brought must be complied with. In the first place, the parties plaintiff are not the proper parties as outlined by me in my brief and also previously. There must be proper parties and they are not proper parties, because in the first place, the deceased was not declared insane. He was declared incompetent under a different statute than the insanity laws. Then we find that the bill of complaint was amended 3 times, or twice at least, once to add a different title to the party plaintiff, second add all the children as parties plaintiff. That is not countenanced in this State.

"I may also call your Honor's attention to the testimony that the children applied to the probate court on April 5, 1954, they filed a petition to have him declared incompetent, not insane, and 2 days later, the witnesses attempted to show that this man then deserted this woman and came back to them.

"I renew my motion on the ground that the plaintiff has failed to set out a cause of action in his bill of complaint, in view of the law I have submitted to your Honor, and under the cases and under the circumstances in the case, the bill of complaint should be dismissed and I so move."

The trial court denied the motion, and in an opinion stated:

"This marriage was contracted in Ohio, and I think the court should be guided by the laws of Ohio. Ohio has followed the common law that in order to make a valid marriage, one must have the capacity to contract. In this matter the court is of the considered opinion that the plaintiff at the time he entered into this contract with the defendant was without the mental capacity to contract. Therefore, a good and valid marriage was not performed, and it might be noted here that following the marriage in June, as a matter of fact the first day of June, 1954, the Honorable Judge Cody declared this man mentally incompetent.

"Therefore, the court does believe that this marriage between the plaintiff and the defendant is void *ab initio* and a decree may be entered to that effect, with costs to the plaintiff."

A decree was entered annulling the marriage. Defendant appeals and urges that the court was in error in failing to grant defendant's motion to dismiss plaintiffs' bill of complaint. It should be noted that Anton Romatz was declared a mental incompetent and not an insane person or an idiot. We also note that counsel for both parties are in agreement that there are no Ohio statutes regulating or restricting annulments. Section 3101.06 of Page's Ohio Revised Code Annotated is titled "Denial of license," and reads:

"No marriage license shall be granted when either of the applicants is a habitual drunkard, epileptic, imbecile, or insane person, is under the influence of an intoxicating liquor or narcotic drug, or is infected with syphilis in a form that is communicable or likely to become communicable."

It is a general principal of law that a marriage contracted in another State can be annulled only

upon grounds which rendered it void or voidable under the *lex loci contractus,* and a marriage valid where contracted will be recognized as valid in Michigan. See Moore's Michigan Practice, Marriage, Divorce and Separation, § 364, and *Noble* v. *Noble,* 299 Mich 565. It is also the rule that divorce and annulment proceedings are strictly statutory. See *Kutchai* v. *Kutchai,* 233 Mich 569; *Herp* v. *Herp,* 254 Mich 33; *Brown* v. *Greer,* 293 Mich 219; *Schelbe* v. *Buckenhizer,* 338 Mich 601. See, also, CL 1948, § 552.3 (Stat Ann § 25.83); CL 1948, § 552.4 (Stat Ann § 25.84).

Plaintiffs rely upon CL 1948, § 552.1 (Stat Ann § 25.81) as the basis of their cause of action. This statute reads, in part, as follows:

"All marriages solemnized when either of the parties was insane or an idiot, shall, if solemnized within this State, be absolutely void, without any decree of divorce or other legal process."

It should be noted that the above statute applies only to marriages contracted in Michigan and not to marriages performed in other States. We have examined the following statutes relative to divorce and annulment: CL 1948, § 551.6 (Stat Ann § 25.6); CL 1948, § 552.1 (Stat Ann § 25.81); CL 1948, § 552.2 (Stat Ann § 25.82); CL 1948, § 552.3 (Stat Ann § 25.83); CL 1948, § 552.4 (Stat Ann § 25.84); CL 1948, § 552.35 (Stat Ann § 25.111); CL 1948, § 552.36 (Stat Ann § 25.112); CL 1948, § 552.37 (Stat Ann § 25.113); CL 1948, § 552.39 (Stat Ann § 25.115). We do not find authority in any of the above statutes that authorizes a court of equity in Michigan to take jurisdiction for the purpose of annulment of the marriage of an incompetent person when the marriage was performed out of Michigan. Jurisdiction to entertain an annulment suit is governed by the law of the domicile. It follows that the chancery

court of Wayne county was without jurisdiction to entertain such a proceeding.

The decree is reversed and a decree will be entered dismissing plaintiffs' bill of complaint. Defendant may recover costs.

DETHMERS, C. J., and SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

EDWARDS, J., did not sit.