## DRAL v. DRAL.

1. DIVORCE—DIVISION OF PROPERTY.

   The division of property in a divorce action need not be equal but should be fair and equitable under all the circumstances, including the sources of the property.

2. SAME—DIVISION OF PROPERTY.

   The division of property in a suit for divorce is not governed by any rigid rules or mathematical formula, each case depending on the particular facts involved.

3. SAME—DIVISION OF PROPERTY—FACTORS.

   Portion of property awarded to each party in a divorce action depends upon all the equitable factors involved including source of property, contribution towards its acquisition, length of marriage, needs of the parties, their earning ability, and the cause of divorce.

4. SAME—APPEAL AND ERROR.

   Court of Appeals will not reverse or modify a judgment of divorce unless convinced that it would have had to reach another result had it been in the position of the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*
[4]   4 Am Jur 2d, Appeal and Error § 868.
[5]   24 Am Jur 2d, Divorce and Separation § 933.
[6]   5 Am Jur 2d, Appeal and Error § 1010.

5. Same—Division of Property—Discretion of Court.

Trial court's division of property upon divorce of parents of daughters 18 and 24 years of age, which indicates the court took into consideration the source of the property of the parties, dissipation of funds by defendant husband, as well as the respective employment and earning abilities of the parties, is not disturbed where Court of Appeals cannot say the trial court had abused its discretion in making the division.

6. Costs—Briefs.

No costs are awarded in unsuccessful appeal by plaintiff from property distribution provisions of divorce judgment, where defendant did not file a timely brief.

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 June 5, 1967, at Detroit. (Docket No. 2,849.) Decided December 4, 1967. Leave to appeal denied February 21, 1968. See 380 Mich 759.

Complaint for divorce by Wanda Dral against Edward Dral because of extreme cruelty. Judgment for plaintiff. Plaintiff appeals from property distribution provisions of judgment. Affirmed.

*Louisell & Barris,* for plaintiff.

*Frank Holtzman,* for defendant.

McGregor, J. This is an appeal from a judgment of absolute divorce which involved a property settlement the plaintiff-appellant wife finds unsatisfactory. An action was filed by the appellant wife for separate maintenance, but at commencement of trial amended on oral motion, asking for an absolute divorce on the same grounds of extreme and repeated cruelty. Only the wife presented evidence of grounds for absolute divorce, although the husband had counterclaimed for a divorce. Both par-

ties testified as to the extent of the involved property, its source, and its value. Neither party seeks to upset the judgment of divorce and only the wife seeks modification of the division of the property provided therein.

The plaintiff wife was for 9 years and presently is employed as an elevator operator in the General Motors Building, with a current weekly net pay of approximately $89. The parties are the parents of two daughters who, at the time of the trial, were 18 and 24 years of age. Plaintiff had worked outside the home for a substantial portion of her married life. The husband had worked for the Ford Motor Company 30 years with a current weekly net pay of $104. Plaintiff's father had made the title to a house located on Sobieski Street joint between the plaintiff and her mother. Plaintiff was renting this house for $95 per month and using the income thus received to pay for part of the care of her mother, then living in a convalescent home. Plaintiff had bought a Chevrolet Impala for $3,100 of which she still owed about $1,500. The defendant husband had paid cash for a Ford; the two daughters had a few shares of stock in Allied Supermarkets, Burroughs, Toledo, Edison, and Pepsi-Cola. The record does not disclose how or when the daughters obtained this stock, but the divorce judgment confirmed their title. The defendant's father had previously purchased 100 shares of General Motors stock and made the title thereto joint with the defendant, to which the defendant had added 15 shares, all of which came to be in defendant's name, with a present value of about $12,000. Also concerned herein are stocks purchased by the defendant: 22 shares of Coca-Cola stock, worth about $1,700; $13\frac{1}{2}$ shares of I.B.M., Inc., worth about $7,000; 167 shares of Investment Company of America, worth

about $2,000; 50 shares of S. S. Kresge stock, worth about $3,500; and 250 shares of Alexander Hamilton Life Insurance Company stock, worth about $3,000. Defendant had recently inherited from his father real estate in Sandusky, Michigan, which the parties sold in June, 1963, on a land contract for $24,000 with an unpaid balance of $19,323 at the time of trial. The parties owned a house on Charest street in Detroit, worth about $13,000. There were other assets of furniture, proceeds of an auto sold, small bank accounts, et cetera. Some time previous to the filing of the complaint, but after the marriage was rapidly disintegrating, the plaintiff wife testified, the defendant husband had wasted $7,000 or more. He admitted drinking and gambling away a sum "in that neighborhood   *   *   *   I just went berserk."

The trial court, in granting a judgment of divorce, stated:

*"The Court:*   *   *   *   On the question of the property settlement, the court has heard ample testimony which was brought out, I think very capably, by both counsel in regard to what the present financial situation of the parties is and what their assets are. It appears that certain of their property was accumulated as a result of the work of the defendant and some part was, at least, contributed by the plaintiff who worked and, in addition to that, took care of the home. The testimony is that her earnings went toward the taking care of the bills, and, therefore, certain moneys were therefore provided so that money could be invested in stocks and other assets. A substantial amount of property, apparently, was brought into the marriage as a result of either inheritance or given by the parents of the respective parties to their respective children. Based upon this, it would appear that inasmuch as the court has to make a distribution I will take into consideration these facts."

It awarded to the plaintiff wife: (a) one-half of the net proceeds to result from the sale of the house on Charest street, unless the husband defendant exercised a court-granted option to buy her interest therein for $6,500; (b) all household furnishings, appliances, et cetera; (c) the 1965 Chevrolet auto, subject to the indebtedness; (d) the Sobieski street house which she owned jointly with her mother; (e) the 22 shares of Coca-Cola stock; 13–1/2 shares of I.B.M. stock; 50 shares of S. S. Kresge stock; and 250 shares of Alexander Hamilton Life Insurance Company stock. The court awarded to the defendant husband: (a) $650, representing the proceeds of the sale of a 1960 Chevrolet automobile; (b) 115 shares of General Motors stock, 167 shares of Investment Company of America stock; (c) a small bank account; (d) a 1964 Ford automobile; (e) one-half interest in the house on Charest street, Detroit, with an option to buy the plaintiff's one-half interest for $6,500; (f) the vendor's interest in the land contract for the Sandusky property, with an unpaid balance of approximately $19,300; and in addition, required the defendant to pay plaintiff's attorney fees in the amount of $750.

The plaintiff wife contends that there was an abuse of discretion by the lower court in that the court failed to analyze the conflicting statements of the defendant in his testimony, and disregarded the dissipation of assets by the defendant, all of which resulted in an inequitable and unfair disposition by the trial court of the chargeable property interests of the parties. The plaintiff urges that the property settlement should be modified so that she will receive one-half of all the property owned by the parties on the date of the divorce judgment, after the defendant has been charged with the amount of money which he dissipated.

The division of property in a suit for divorce need not be equal, but should be fair and equitable under all the circumstances involved, including the sources of the property.

"The division of property in a divorce action is not governed by any rigid rules or mathematical formula. Each case depends on the particular facts involved. * * *

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability, and also the cause for divorce." *Johnson v. Johnson* (1956), 346 Mich 418, 431.

The trial court's final division of the marital assets would indicate that the trial court did take into consideration the source of the Sobieski street property, the Sandusky property, 100 shares of General Motors stock, dissipation of funds by the defendant, as well as the respective employment and earning abilities of the parties. Under such circumstances, this Court cannot say that the trial court abused its discretion in making such division. *Socha v. Socha* (1966), 5 Mich App 404.

This Court does not reverse or modify unless convinced that it would have had to reach another result had it occupied the position of the trial court.

The judgment is affirmed, without costs, as the defendant appellee did not file a timely brief.

J. H. GILLIS, P. J., and THORBURN, J., concurred.