VAN OMMEN *v.* VAN OMMEN

1. DIVORCE—CHILD SUPPORT—EVIDENCE.

   Granting of $120 per week for the support of the parties' three minor children was not an abuse of discretion where under the circumstances of the case, as evidenced by record, it was equitable treatment, because the amount of child support is dependent upon the proofs, not upon the allegations, and is only required by statute to be just and reasonable, having regard to the ability of the husband and the parties' character, situation, and all other circumstances of the case (MCLA § 552.23).

2. DIVORCE—PROPERTY DISTRIBUTION.

   An award to defendant wife of approximately one-half of the property owned by the parties which was a fair distribution under the facts of the case was not an abuse of discretion.

3. DIVORCE—ALIMONY—DISCRETION.

   Denial of alimony to defendant wife, whose ability to earn a livelihood was questionable, was an abuse of discretion where the trial court placed great emphasis on her fault established by her failure to testify, and where the reason for her silence to prevent the community and the parties' children from hearing the facts, was made known to the court in her motion for a new trial.

Appeal from Ottawa, Chester A. Ray, J. Submitted Division 3 June 2, 1970, at Grand Rapids. (Docket No. 7,907.) Decided August 3, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 827, 839, 842.
[2, 3] 24 Am Jur 2d, Divorce and Separation § 601.
   Allowance of permanent alimony to wife against whom divorce is granted. 34 ALR2d 313.

Complaint by Jay Van Ommen against Carol Van Ommen for divorce. Judgment for plaintiff. Defendant appeals. Remanded for award of alimony.

*James W. Bussard,* for plaintiff.

*Warner, Norcross & Judd (Harold S. Sawyer,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

PER CURIAM. The original action from which this appeal is taken was a divorce proceeding instituted by Jay Van Ommen against Carol Van Ommen on August 2, 1968. The parties were married in Zeeland, Michigan, on June 19, 1947, and lived together as husband and wife until July, 1968. The parties had three minor children who are now living with the mother. Defendant had not engaged in employment until the last years of the marriage when she became "innkeeper" in one of the plaintiff's family businesses, a motel. Following the divorce, she was discharged from this position.

Shortly after plaintiff filed his complaint, defendant submitted an answer, but did not choose to counterclaim. It seems both parties had agreed that because of the family's prominence in the community and for the benefit of the children, defendant would not testify. The record lacks any evidence of the fact that this agreement was made known to the trial court before defendant's motion for new trial.

A judgment was entered on May 27, 1969, granting a divorce to plaintiff. In an opinion adjudicating the property rights of the parties, the court awarded defendant $60 per week for support of the parties'

---

* Circuit judge, sitting on the Court of Appeals by assignment.

three minor children; one of the two family automobiles; the household furniture; a cash payment of $55,000 and one-half the value of the family home following payment of a $17,000 mortgage. The court denied defendant's request for alimony and attorney fees.

Defendant filed a motion for a new trial which was denied on July 3, 1969. However, upon reexamination of its opinion, the court admitted certain inequities in the property settlement and increased the cash payment to $65,000. The amount established for support of the three children was increased to $120 per week at the time of judgment.

The main issue with which we are faced is whether the trial court abused its discretion in settling the property rights of the parties, denying to defendant any alimony, failing to award defendant attorney's fees, and in the amount of child support ordered.

An examination of the record reveals that in reaching a determination of the rights of the parties, the court stated in its opinion:

"She sat in open court with her counsel present, heard the testimony and offered the court nothing in the way of response. From this, we conclude that she is with serious fault in terminating the marriage."

Defendant contends that the decision of the court was predicated upon an erroneous assumption manifest in the court's conclusions quoted above. The matter of the parties' out-of-court stipulation was brought to light in defendant's motion for new trial, whereupon the court stated:

"By stipulation, this was an aseptic divorce. For the first time the court learns of the reasons for being so aseptic. The court and the community were not to hear the facts. However, it was obvious from the testimony offered that it was the full intent of

plaintiff and defendant to obtain a divorce, and with both present with their counsel when all the testimony was taken of the total rejection of plaintiff, the court must assume, with nothing to the contrary, that plaintiff's reasons for obtaining a divorce were well founded."

The record also discloses that the trial court erred in calculating plaintiff's assets, whereupon the court admitted the resulting inequity and attempted to correct the error by increasing defendant's cash settlement by $10,000.

The alimony allowance and provision for attorney fees in divorce proceedings is not subject to a fixed rule. The decision to grant or withhold these allowances rests in the discretion of the trial court, and the award or refusal of alimony and attorney fees will not be disturbed on appeal unless there is a manifest abuse of discretion. *Pinchuk* v. *Pinchuk* (1947), 317 Mich 523; *Wood* v. *Wood* (1939), 288 Mich 14.

It is also recognized that the disposition of such matters must rest in each instance on the particular facts as established by the proofs. *Zimmers* v. *Zimmers* (1956), 346 Mich 28.

The amount of child support set by the court is dependent upon the proofs, not allegations, and is required by statute[**] to be just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all other circumstances of the case. *Rogers* v. *Rogers* (1952), 335 Mich 207.

In the case at bar, defendant was granted $120 per week for the support of the children. Under the circumstances of the case as evidenced by the record, this was equitable treatment and not an abuse of discretion.

---

[**] MCLA § 552.23 (Stat Ann 1970 Cum Supp § 25.103).

In *Johnson* v. *Johnson* (1956), 346 Mich 418, the Court set forth a rule to be followed in divorces as to division of property. In its opinion, the Court stated:

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement."

Defendant received approximately half of the property owned by the parties, which was a fair distribution and cannot be said to be an abuse of discretion under the facts of the case.

In reviewing the totality of circumstances involved in the present case, including the fact that the trial court placed great emphasis and established fault on the basis of defendant's failure to testify, the admitted inequities in the original property settlement, and the questionable ability of defendant to earn a livelihood, the Court is led to the inescapable conclusion that the trial court abused its discretion in denying the alimony allowance. On the basis of these facts and questions which on a *de novo* review are unanswerable, the Court is compelled to remand this case to the trial court for further finding of fact which will enable the trial court to grant a reasonable amount of alimony under such conditions as it may see fit to impose.

We find no error amounting to a manifest abuse of discretion in the trial court's refusal to award attorney fees.

The trial court is hereby affirmed on all matters except alimony and the matter is remanded. We retain no jurisdiction. Costs to appellant.