SCHAMBER v SCHAMBER

1. DIVORCE—PROPERTY SETTLEMENT—DISCRETION.
   The property awarded to each party in a divorce action depends
   on all the equitable factors involved, and the trial court has
   wide discretion in making a division of property.

2. DIVORCE—PROPERTY—CHANGE IN VALUE.
   The trial judge did not abuse his discretion in considering the
   change in value of jointly owned real property which occurred
   during the pendency of a divorce action in awarding a property
   settlement.

Appeal from Wayne, Charles. Kaufman, J. Submitted Division 1 May 4, 1972, at Detroit. (Docket No. 12484.) Decided June 27, 1972.

Complaint by Evelyn S. Schamber against Richard B. Schamber for divorce. Judgment of divorce and division of property. Defendant appeals division of property. Affirmed.

*Larry Middleton,* for plaintiff.

*Dee Edwards,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

McGREGOR, J. Specifically, the defendant husband here appeals a judgment of divorce as a

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Divorce and Separation § 933.
   Injunction pendente lite in suit for divorce or separation, 164 ALR 329.
[2] 24 Am Jur 2d, Divorce and Separation §§ 929, 933.

result of his dissatisfaction with the property settlement, on the ground that it was inequitable to penalize him for the delay in the trial of this matter because of the backlog of cases in the Wayne County Circuit Court. Apparently, this precise point has never been before an appellate court in Michigan.

Plaintiff and defendant were married on April 15, 1966. A complaint for divorce was filed by the plaintiff wife on May 15, 1969; defendant filed an answer and cross-bill; on June 13, 1969, plaintiff filed an answer to the cross-bill. Both parties to this marriage had been previously married; defendant husband was employed at a hospital, earning $11,600 annually; plaintiff wife was employed in the same hospital, earning in excess of $9,000 annually. At the conclusion of the trial, a judgment of divorce was granted, providing for a division of property.

In September, 1966, the parties had purchased a house for $18,500, with a down payment of $3,000 furnished entirely by the defendant. Both parties occupied the house from September, 1966, until mid-August, 1969. The statement of the trial court in granting the judgment of divorce provided, in part:

"This home is still, from the testimony, in the name of both parties and both parties should get the benefit of the current value.

"Based upon the testimony before this court, the court would find from the testimony of the only real expert that we had here, Miss Allen, who testified that the present value would be between $22,500 and $23,500, and this was a witness produced by the defendant, and further, Miss Allen testified that she might add another $500 for the factors brought to her attention, that this was a partially brick home, based upon this the court would make a finding and a determina-

tion that the present value of this home is $23,000. Deducting the current incumbrance of $11,160 we come down to an equity of $11,840. The court would from this deduct the $3,000 which the defendant himself, without any assistance from the plaintiff, made as the down payment, leaving a marital equity of $8,840. From this the court would deduct some $1,340 which would approximate a commission.

"I am satisfied that when Miss Allen was testifying as to values, she had in mind that this would be the gross price obtained and a commission would have to be paid. Deducting this we come down to a current equity in this home of $7,500, after deducting the commission and the down payment paid by the defendant in this case. This will give each party $3,750.

"However, the court is cognizant of the fact that there might be other costs such as abstracting and there may be some points. Taking all this into consideration, the court will order that the defendant pay to the plaintiff for her equity in this home the sum of $3,250 payable in six months."

During the delay of two years, caused solely by the congested docket of the Wayne County courts, after the case was at issue and ready for trial, the equity in the house increased approximately $4,-900 from the sum of defendant's monthly principal contract payments and market appreciation. Defendant contends that the ruling of the trial court penalizes him in the amount of $2,450 and that such ruling was an abuse of the court's discretion. Defendant occupied the house from mid-August 1969, to June, 1971, the date of the judgment of divorce. The trial court held:

"By way of property settlement, which is apparently the prime issue between these parties, the reasoning of counsel for the defendant appears somewhat inconceivable to this court because I can't comprehend how counsel for the defendant can contend that only the defendant should get benefit of the appreciation and [in?]

value from either the time of the marriage or the date of separation at the present time. Granted, if this divorce had been tried immediately, the plaintiff might not have gotten as much. It wasn't and we have to go on what is confronting the court today.

" * * * It appears to me that this is not the situation where a party acquires property after the separation and the other party would be entitled to nothing on appreciation. This home is still, from the testimony, in the name of both parties and both parties should get the benefit of the current value."

Defendant husband contends that the trial court erred in ruling that the property settlement should be based upon the value of the equity in the property at the time of trial, rather than at the time plaintiff filed her complaint for divorce, alleging that such ruling is wholly unreasonable, totally unjustifiable and manifestly unfair. Defendant cites no supporting cases for this postulation other than *Socha v Socha,* 5 Mich App 404 (1966), which is not definitive of the real issue before us.

The Michigan Supreme Court, in *Johnson v Johnson,* 346 Mich 418, 431 (1956), ruled in relevant part as follows:

"The division of property in a divorce action is not governed by any rigid rules or mathematical formula. Each case depends on the particular facts involved. * * *

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement, though technically a separate matter. * * *

"Under the circumstances of this case we find that the trial court did not abuse its discretion in making the property settlement."

The record indicates that at least a portion of the appreciation in value of the house took place during the period of nearly three years when the parties jointly occupied the house.

In *Johnson, supra,* our Supreme Court held that the property awarded to each party depends upon all the equitable factors involved, naming some of the more important. Certainly, changes in values of jointly owned real property which occur during the pendency of a divorce action may under some circumstances be another factor for a trial judge's consideration. Michigan has long recognized that the trial court in divorce matters has a wide discretion; however, this reviewing Court hears the divorce case *de novo* and we review the issue of whether the trial court abused its discretion in the division of the property. Under all of the circumstances and imponderable values in the instant case, this Court finds that the trial court did not abuse its discretion in the matter of the property settlement.

Affirmed.

All concurred.