### WORTELBOER *v.* WORTELBOER

1. DIVORCE—PROPERTY SETTLEMENT—APPEAL AND ERROR.

   The Court of Appeals hears appeals of divorce actions *de novo,* but it generally does not reverse or modify the judgment of the trial court unless convinced that it would have had to reach another result had it occupied the position of the trial court.

2. DIVORCE—PROPERTY SETTLEMENT—DIVISION OF PROPERTY.

   The portion of the property awarded to each party in a divorce action depends on all the equitable factors involved, including the source of the property, the contribution of each party towards its acquisition, the years of married life, the needs of the parties, their earning ability, and the cause for the divorce.

3. DIVORCE—PROPERTY SETTLEMENT—DIVISION OF PROPERTY.

   The property settlement contained in a judgment of divorce must recognize in some manner the contribution made by each of the parties to the acquisition of the property, and therefore a judgment awarding all property of value, including household furniture, the home, and an automobile, to plaintiff wife was improper where both the husband and the wife contributed in money and labor to the building of the home and acquiring of the real estate.

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 March 6, 1969, at Grand Rapids. (Docket No. 5,073.) Decided March 27, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 703.

[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 925, 928, 933.

Granting relief not specifically demanded in pleading or notice in rendering default judgment in divorce or separation action. 12 ALR2d 340.

Complaint by Elizabeth E. Wortelboer against Kenneth H. Wortelboer for divorce. Judgment of divorce and property settlement granted. Defendant appeals. Remanded for further proceedings.

*Carr & Carr,* for plaintiff.

*Bergstrom, Slykhouse & Shaw (Robert G. Quinn, Jr.,* of counsel), for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. This case involves a divorce granted to the plaintiff, Elizabeth E. Wortelboer, from her husband, Kenneth H. Wortelboer. The circuit judge granted the divorce on plaintiff's grounds of extreme and repeated cruelty.

The property settlement is the subject of this appeal. The pertinent facts appear to this Court to be that both husband and wife worked diligently and accumulated a home of the value of between $17,500 and $20,000 with a $2,000 mortgage outstanding. The wife worked for the first 13 years of their marriage and contributed the proceeds together with other monies that she received to the extent of $700 to the payment of the expenses of the family. She also had an interest in another home which was mortgaged for $3,500 and the proceeds used to build the home which was the subject of the property settlement. Some of this $3,500 was paid back by the parties, the amount being in question. The wife had a son 15 years of age by a prior marriage and he was a member of the household for several years.

The wife has an operable tumor behind her eyes causing partial blindness in one eye and total blindness in the other. This operation has not taken place because of the plaintiff's wishes. At

the time of trial she was 53 years of age and he
was 50.  Defendant was employed at an automotive
supply company owned by his mother in which he
has a hope of inheritance.  He had a net income
of \$136 per week.  The wife is a babysitter with
an income of \$35 per week, has no other collateral
means of support and apparently has no specific
or useful skills.

We confine our review of the case to the property
settlement, particularly the disposition of the home
of the parties, having concluded that the alimony
and other provisions of the judgment are proper
and should not be disturbed.

In the case of *Socha* v. *Socha* (1966), 5 Mich App
404, 411, we referred to the case of *Paul* v. *Paul*
(1960), 362 Mich 43, and we reiterate here the
quotation used there:

" 'While this Court hears appeals in chancery
matters *de novo,* it generally does not reverse or
modify unless convinced that it would have had to
reach another result had it occupied the position
of the trial court.  *Wells* v. *Wells* (1951), 330 Mich
448; *Ethridge* v. *Ethridge* (1952), 322 Mich 578.
For the reasons we have given, we are convinced
of this in this case.' "

The rule to be followed in divorces pertaining to
division of the property is well stated in *Johnson*
v. *Johnson* (1956), 346 Mich 418, 431.

"The portion of property awarded to each party
depends upon all the equitable factors involved, in-
cluding the following:  source of property, contri-
bution towards its acquisition, the years of married
life, the needs of the parties, their earning ability
and also the cause for divorce.  Even the needs of
children may affect the property settlement."

The learned trial judge awarded all the property
of value to the wife, *i.e.,* the household furniture,

the home, and the automobile. Both the husband and wife contributed in money and labor to the building of the home and acquiring the real estate. Although the wife has a serious illness and her right to the occupancy of the home should be provided for in the judgment, we rule that though the property need not be divided equally, it must recognize in some manner the contribution made by each of the parties to its acquisition. *Christofferson* v. *Christofferson* (1961), 363 Mich 421.

In the instant case the husband did contribute considerably to the acquisition of the home and the real estate with his labor, as did his wife. We rule that the property settlement should be modified to provide that the title to the home of the parties be held in the names of both parties as tenants in common, provided the defendant shall pay the $2,000 plus interest due on the mortgage at the time of the divorce. This is to be accomplished within 6 months. The modified judgment shall give the plaintiff-wife the right of occupancy of the property for herself as long as she desires to reside there, subject to the condition that plaintiff shall keep the premises in reasonable repair and shall pay the taxes as they fall due. The judgment to be entered will reserve the right in the circuit court to modify the judgment with reference to right of occupancy and in the event plaintiff abandons her occupancy of the home, to make such further order with reference to the sale of the property and the division of the proceeds as is deemed proper at the time.

The matter is remanded to the trial court for entering of modified judgment in accordance herewith incorporating the provisions set forth above.

No costs are allowed.