## CHARLTON v CHARLTON

Docket No. 56219. Argued October 8, 1975 (Calendar No. 3).—Decided
July 8, 1976.

Plaintiff Janet M. Charlton was granted a judgment of divorce
from defendant Richard E. Charlton in Oakland Circuit Court,
John N. O'Brien, J. Plaintiff appealed the trial court's property
division as to monies inherited by her, lack of provision for
payment of college expenses for the parties' 19-year-old daugh-
ter and the amount of support awarded for two minor children.
The Court of Appeals, McGregor, P. J., and R. B. Burns and
O'Hara, JJ., affirmed in a per curiam opinion (Docket No.
18657). Plaintiff appeals. *Held:*

1. The married women's property act does not apply to
divorce. Rather, it gives a married woman rights to deal with
her property equal to those rights of an unmarried woman.
Neither the constitution nor the act says that a wife's property
cannot be joined with that of her husband as part of a property
division upon divorce.

2. Divorce statutes regarding the disposition of property have
been amended with the clear intention that the property of
either party can be awarded to the other, provided the award
for support is insufficient. A party also may be awarded prop-
erty of the other party if he contributed to its acquisition,
improvement, or accumulation without regard to whether there
is an insufficiency of property. Plaintiff's inheritance could be
awarded as part of the property to be divided with the defend-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 7] 41 Am Jur 2d, Husband and Wife § 105.

[2] 24 Am Jur 2d, Divorce and Separation § 925.

[3, 6, 7] 24 Am Jur 2d, Divorce and Separation §§ 928, 929.

[4] 24 Am Jur 2d, Divorce and Separation §§ 832, 843, 855.

Education as element in allowance for benefit of child in decree of
divorce or separation. 133 ALR 911, s. 56 ALR2d 1207.

Purview of gift, charge, or like, for "college education." 36 ALR2d
1323.

Power of court in divorce or separation suit to provide for support
of, or aid to, adult child, or to continue provision for support after
child attains majority. 162 ALR 1084.

ant either if the husband contributed to the acquisition, improvement, or accumulation of the property or if an award was insufficient to maintain him, and the trial judge must determine the statutory provision which applies to the facts of the case.

3. Plaintiff's inheritance was properly considered in the property settlement without regard to the source because the parties upon divorce had insufficient funds to support themselves in the manner to which they were accustomed. The trial judge did not abuse his discretion in dividing the property between the parties and in applying the statute concerning an award of property to one party where the funds otherwise awarded are not sufficient for the suitable support and maintenance of the party.

4. The saving provision of the Age of Majority Act applies to this case, because the divorce was a proceeding pending at the effective date of the act. The case is remanded to the trial court for consideration of whether support should be ordered for college education of the oldest child as an exceptional circumstance under former statutes and case law.

5. The award of support for the two minor children is amply supported by the record; the plaintiff may file a petition for increased support if more is required under the circumstances.

Affirmed in part, reversed in part, and remanded for consideration of the property disposition and support for the oldest child.

Justice Williams dissented on the grounds that: A wife's own inheritance is as much her separate estate as are her own earnings. The only property of a wife which may be awarded to the husband in a judgment of divorce is that to which the husband contributed in its acquisition, improvement, or accumulation, which may be awarded to the husband in the discretion of the court when the award would be otherwise insufficient for the support and maintenance of the husband and children in his custody. The divorce statute which permits an award of property in the case of an insufficiency of property does not apply to property acquired by inheritance, or acquired by means of funds acquired by inheritance. The defendant in no way contributed to the acquisition of the plaintiff's inherited funds. The plaintiff is entitled to an award including the traceable funds she contributed from her inheritance for real estate and for repairs of the marital home, as well as the balance remaining from her inheritance as still belonging to her alone, before the division of the marital property.

OPINION OF THE COURT

1. DIVORCE—PROPERTY DIVISION—MARRIED WOMEN'S PROPERTY ACT.

   The married women's property act gives a married woman a right to deal with her property equal to the right of an unmarried woman; it does not prohibit joining a wife's property with that of her husband as part of a property division upon divorce (MCL 557.1; MSA 26.161).

2. DIVORCE—PROPERTY DIVISION.

   The laws of divorce are statutory in nature and the equitable disposition of property is confined to the limits of the applicable statutes.

3. DIVORCE—PROPERTY DIVISION.

   A wife's property inherited by her during a marriage may be awarded as part of the property to be divided with her husband in a judgment of divorce if the husband contributed to the acquisition, improvement, or accumulation of the property or if an award of support is insufficient to maintain him (MCL 552.23, 552.401; MSA 25.103, 25.136).

4. DIVORCE—CHILD SUPPORT—COLLEGE EXPENSES—AGE OF MAJORITY ACT—SAVING CLAUSE.

   Child support may be provided in a judgment of divorce for the college expenses of a child over the age of 18 in exceptional circumstances where the action for divorce was pending on January 1, 1972, the effective date of the Age of Majority Act (MCL 552.17a, 722.52; MSA 25.97[1], 25.244[54]).

DISSENTING OPINION

WILLIAMS, J.

5. PROPERTY—MARRIED WOMEN'S PROPERTY ACT.

   *Money expended by a wife from her own inheritance, since the enactment of the married women's property act, is as much her separate estate as are her own earnings (MCL 557.1; MSA 26.161).*

6. DIVORCE—PROPERTY DIVISION—MARRIED WOMEN'S PROPERTY ACT.

   *Property acquired by a wife before marriage or received afterwards by gift, grant, inheritance or devise may not be awarded to the husband in a judgment of divorce where the husband did not contribute to the acquisition of the property (MCL 552.23, 552.401, 557.1; MSA 25.103, 25.136, 26.161).*

7. DIVORCE—PROPERTY DIVISION.

> *A wife's property inherited by her during the marriage and traceable funds she contributed from her inheritance for real estate and for repairs of the marital home should be awarded to her in a judgment of divorce as still belonging to her alone before the division of the marital property.*

*Dinan, Schenden & Schaden* (by *Philip G. Ingraham)* for plaintiff.

*Leonard E. Bellinson (Ronald Feldman,* of counsel) for defendant.

COLEMAN, J. Plaintiff and defendant were husband and wife for 21 years until judgment for divorce was ordered on August 22, 1973 following a suit filed October 1, 1971. Plaintiff-wife appeals from the Court of Appeals affirmance of the trial court's judgment of divorce and order denying motion for new trial. She challenges the trial court's property division as to monies inherited by her, lack of provision in the decree for college expenses for a 19-year-old daughter and the amount of support awarded for two minor children.

We reverse in part, affirm in part and remand to the trial court for further proceedings.

A divorce action was commenced by Janet M. Charlton, on October 1, 1971 against Richard E. Charlton.

Trial began on July 2, 1973, and judgment of divorce was filed on August 22, 1973. During this 21-year marriage, three children were born.

Most of the testimony at trial centered on money—child support and property settlement.

The statement of facts in plaintiff's brief on appeal is accepted in essential part. Plaintiff inherited $55,000 during the marriage, using $9525 as downpayment on Illinois real estate. The Illinois

property was sold and the proceeds used towards purchase of the Michigan marital home. Plaintiff spent $17,975 for nontraceable general family expenses and $2500 was used to prepare the marital home for a sale, which netted a return of $28,184.43 during the divorce proceedings. Mrs. Charlton held individually the balance of her inheritance, about $25,000, in the form of stock. She also had a $500 checking account and she held the title to one car. She had use of another car subject to a lien with title in her husband's name.

Plaintiff worked out of the home for about one year when first married, and she was employed for about six months after separation, according to her testimony. At time of trial, plaintiff had an $8000–$9000 job waiting in Florida and had made arrangements to buy a $34,000 condominium. Part of her inheritance was pledged as down payment. Also at time of trial one child was 19 and attending the University of Michigan. One child was 16 and graduated from high school and planned to attend a Florida college while living at home. One child was 15 and still in high school. Defendant did not contribute specifically towards college expenses.

During the marriage, Mr. Charlton had received $40,000 from a profit-sharing plan upon termination of his employment with the Crystal Company. This amount was used for general family expenses.

He also inherited and spent $5000 during the marriage. In 1972, his income was $31,000 ($22,500, plus bonus). He owned some stocks, a car (also with a lien) and a $5800 equity in a pension plan with CBS, defendant's employer at the time of divorce.

The judgment of divorce gave plaintiff custody of the children and awarded support of $45 per week

for each of the two children under 18 (or until
graduation from high school). The court set sup-
port at $45 because it found that $60 was required
and there was a 3-1 ratio of defendant's income to
plaintiff's income.

Defendant also was ordered to "pay all neces-
sary medical, dental and hospital expenses, includ-
ing any necessary orthodontic work for the minor
children of the parties until they each attain the
age of eighteen (18) years, or graduate from high
school, whichever is later, or until the further
Order of this Court" and was required to maintain
a $10,000 life insurance policy naming the minor
children as beneficiaries for duration of the sup-
port order.

The judgment did not award alimony, but it did
order a property settlement:

"It is Further Ordered and Adjudged that the assets
of both parties hereto, *i.e.,* the value of the various
stocks, the three (3) automobiles, two of which are
subject to existing liens, miscellaneous personal prop-
erty other than that which has already been disposed
of, and the net amount of Twenty-Eight Thousand One
Hundred Eighty-four and 43/100 ($28,184.43) Dollars
being held in escrow by plaintiff's attorney from the
sale of the marital home, shall be divided equally
between the parties hereto, said assets being subject to
a lien to secure the payment of attorney fees * * * ."

During the trial, the court commented on the
division:

"With regard to the property, the court finds that the
mutual undertakings, obligations, and expenses of this
21-year partnership, leave all the existing assets subject
to being reviewed by the court as partnership assets.
Therefore, the court is going to require that they be
divided equally * * * ."

## I. Property Division

It is plaintiff's contention that she should retain the $25,000 balance of her inheritance and be awarded the $12,025 spent on traceable contributions to the marital home.

First, she argues the applicability of the married women's property act (MCLA 557.1; MSA 26.161):

"That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations and engagements of her husband and may be contracted, sold, transferred, mortgaged, conveyed, devised or bequeathed by her in the same manner and with the like effect as if she were unmarried."

The act dates from 1855 and carries with it an historical background which includes a similar provision in the 1850 Constitution.

The 1850 constitutional provision and its successors[1] as well as the act must be viewed as a response to the ancient philosophy that a woman and all of her worldly goods and properties belonged to her husband upon their marriage. At that time, the husband was entitled to all which came with his wife or came after marriage by way

[1] Const 1850, art 16, § 5, and Const 1908, art 16, § 8, provided:

"The real and personal estate of every female acquired before marriage, and all property to which she may afterwards become entitled, by gift, grant, inheritance or devise, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations or engagements of her husband, and may be devised or bequeathed by her as if she were unmarried."

Const 1963, art 10, § 1, added a first sentence:

"The disabilities of coverture as to property are abolished." The section otherwise remained unchanged excepting a final sentence:

"Dower may be relinquished or conveyed as provided by law."

of gift, conveyance, inheritance or devise, including rents and profits. Her property during coverture was subject to claims and obligations against him in the same manner as his own.[2]

In the historical spectrum of rights, responsibilities and duties, the act is best viewed as having a neutral effect in the case at bar. Neither the constitution nor the act says that a wife's property

[2] Day, *Rights Accruing to a Husband Upon Marriage With Respect to the Property of his Wife,* 51 Mich L Rev 863–874 (1953). The same author notes that the act was intended to change the common law:

"At common law a husband acquired an estate during coverture in all present freehold estates of which his wife was seised at the time of the marriage or of which she became seised by inheritance, devise, or conveyance, during the continuance of the marriage and before a child of the marriage was born alive who was capable of inheriting the land. The estate continued until the marriage was terminated by the death of the husband, by the death of the wife or by divorce, or until a child of the marriage capable of inheriting the land was born alive. Upon the latter event, the estate during coverture terminated, and the husband acquired an estate by the curtesy initiate.

"While the estate during coverture continued, the husband had the right to the possession and control of the land and was entitled to the rents and profits that accrued. Although the husband was jointly seised of the land with his wife in the right of his wife as long as the estate during coverture existed, instead of being solely seised of it, he could alienate it without joining his wife in the conveyance, and his creditors could subject it to the payment of their claims to the same extent as his other freehold estates. The estate acquired by one claiming under the husband of course terminated at the same time as would have been the case if it had been retained by him, and at that time the property remained to the wife unaffected by any conveyance made or debts incurred by the husband.

\* \* \*

"To remedy this situation statutes were enacted during the nineteenth century both in England and in the American states that freed the property of a wife either wholly or in part from control by her husband. The statutes of the various jurisdictions differ greatly, but in general they provide that the property owned by a wife at her marriage or acquired by her thereafter shall become her separate property. They deprive her husband more or less completely of his common-law marital rights in this property and provide that it shall not be liable for his debts in the absence of a specified type of assent thereto by her; and they give her at least partial control over it. They are referred to as the married women's property acts or married women's rights acts; and under them her property other than her separate equitable estate becomes what is known as her separate statutory property or separate statutory estate."

cannot be joined with that of her husband as part of a property division upon divorce. Rather, it gives a married woman rights to deal with her property equal to those rights of an unmarried woman. The act attempts to correct the injustice of the common law. It essentially places the wife on a par (plus dower) with her husband in such matters as owning, contracting, selling, devising and managing her property.

The act is what it purports to be. It applies to the property of women during marriage and not to the disposition of that property upon the dissolution of marriage.

The laws of divorce are statutory in nature and the equitable disposition of property is confined to the limits of the applicable statutes.[3]

In 1970 repeal of some sections and amendments to others were made in the divorce statutes having to do with the disposition of property and payment of alimony and support for children. The changes eliminated reference to "husband" or "wife" and provided the same rules for "either party".[4]

MCLA 552.23; MSA 25.103 states:

"Upon every divorce from the bond of matrimony and also upon every divorce from bed and board if the estate and effects awarded to either party shall be

---

[3] *Niskanen v Niskanen,* 371 Mich 1; 123 NW2d 157 (1963), *Romatz v Romatz,* 346 Mich 438; 78 NW2d 160 (1956), *Winter v Winter,* 276 Mich 665; 268 NW 774 (1936), and *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962).

[4] For example, MCLA 552.7; MSA 25.87 was amended, deleting the reference to "wife". Section 552.13 was amended deleting references to "wife" and providing either party may be required to pay alimony and costs. Section 552.17a; MSA 25.97(1) was amended to allow the court to require "either parent" to pay child support, rather than just the husband. MCLA 552.18; MSA 25.98 was repealed which gave special rights to the wife. MCLA 552.19, 552.20, 552.21, 552.22, 552.27, 552.28, 552.333; MSA 25.99, 25.100, 25.101, 25.102, 25.105, 25.106, 25.221 were amended to provide for either party rather than only the wife or husband. Other sections were repealed.

insufficient for the suitable support and maintenance of either party and such children of the marriage as shall be committed to the care and custody of either party, the court may further award to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all the other circumstances of the case."

Prior to amendment, this statute referred only to award of the husband's property to the wife. The change carries with it the clear intention that the property of either party can be awarded to the other provided the "estate and effects awarded to either party shall be insufficient * * * ".

The Legislature, however, left intact MCLA 552.401; MSA 25.136:

"The several circuit courts of the state of Michigan, sitting in chancery, may include in any decree of divorce, or for separate maintenance, entered therein appropriate provisions awarding to the husband all of the property, either real or personal, owned by the wife, or such portion thereof as may appear to the court to be equitable under all the circumstances of the case, provided it shall have been made to appear from the evidence therein that the husband contributed to the acquisition, improvement or accumulation of such property. Any such decree, upon becoming final, shall have the same force and effect as a quit claim deed of such real estate, if any, or a bill of sale of such personal property, if any, given by the wife to the husband."

We must therefore conclude that it remains because the Legislature intended to provide for separate situations and that the provisions of § 401 do not apply to § 23 and vice versa.

Because the trial judge must consider all of the

statutes provided and each statute must be given meaning, plaintiff's inheritance could be awarded as part of the property to be divided with defendant either if the husband had contributed to the "acquisition, improvement or accumulation of such property" or if an award otherwise was insufficient to maintain either party.

It is our conclusion that § 401 could be applied, as provided, without regard to whether there is an insufficiency of wealth. For instance, this statute permits a court to provide for those situations where all or a disproportionate portion of the wealth accumulated by a husband has been placed in his wife's name. It also could apply to that portion of Mrs. Charlton's inheritance which was used towards the purchase and improvement of the family homes. Defendant met other home expenses, including mortgage payments and can, at a minimum, be said to have "improved" the investment. Other situations also can fall within the purview of § 401, but insufficiency of wealth is not a consideration in such a distribution.

However, the situation at bar falls within § 23 which applies where there *is* an insufficiency of wealth. It applies without regard to the source of the property.

It is apparent that the Charltons, upon divorce, together had insufficient funds with which to support themselves in the manner to which they were accustomed.

The judge was correct in not attempting to impose § 401 conditions upon a § 23 situation.

Plaintiff further complains that the Court of Appeals neglected to apply the considerations which comprise the "legal test" of whether the property division is fair and equitable. This argument lacks merit because it is not the appellate

court but the trial court which applies the test. The appellate court may review the trial court record, come to a different conclusion and state the reasons. As here, the Court of Appeals also may review the record and affirm the trial judge. The record and judgment reveal that the judge did not abuse his discretion in application of the "legal test".[5] He has disposed of the property in a fair and equitable manner by dividing it evenly between the parties.

## *Conclusion—Property Division*

The married women's property act does not apply to divorce. MCLA 552.23 is applicable to these circumstances where there is insufficient wealth adequate to support the parties. The division of the property of the parties was fair and equitable.

We affirm the Court of Appeals.

## II. CHILD SUPPORT FOR COLLEGE EXPENSES

At time of trial, one child was over 18 years of age and attending college. Testimony indicated that financial help was necessary to continue that

[5] Circumstances among others which may be considered in the division of property are: (1) duration of the marriage, (2) contributions of the parties to the joint estate [sources of property], (3) age, (4) health, (5) station in life, (6) necessities and circumstances and (7) earning ability. *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956), *Whittaker v Whittaker,* 343 Mich 267; 72 NW2d 207 (1955), *Westrate v Westrate,* 50 Mich App 673; 213 NW2d 860 (1973), *Hostetler v Hostetler,* 46 Mich App 724; 208 NW2d 596 (1973), *Schamber v Schamber,* 41 Mich App 589; 200 NW2d 454 (1972), *Hutchins v Hutchins,* 36 Mich App 675; 194 NW2d 6 (1971); *Czuhai v Czuhai,* 30 Mich App 208; 186 NW2d 32 (1971), *VanOmmen v VanOmmen,* 25 Mich App 652; 181 NW2d 634 (1970), *Wortelboer v Wortelboer,* 16 Mich App 629; 168 NW2d 467 (1969), *Dral v Dral,* 8 Mich App 663; 155 NW2d 236 (1967), *Socha v Socha,* 5 Mich App 404; 146 NW2d 839 (1966).

child's college education, but the court's judgment
did not provide for such support. One child was 16
years of age at time of trial and about to start
college. Presumably, this child was provided for in
the child support order (this child was to live at
home while attending college so the expenses
might reasonably be met by the order plus Janet's
income). A third child was 15 years of age and still
in high school.

At contention are college expenses for the oldest
child.

Although plaintiff could have more precisely
phrased this issue before the trial court, she did
cite the appropriate statute, MCLA 552.17a; MSA
25.97(1), and the leading case at that time, *John-
son v Johnson,* 346 Mich 418; 78 NW2d 216 (1956).
Therefore, the issue was raised.

She argues that MCLA 552.17a, *supra,*[6] and GCR
1963, 729.2(1)[7] provide for child support for chil-
dren beyond the age of 18 in exceptional circum-
stances. Because college education has been held
to be an "exceptional circumstance" under some
factual situations, plaintiff argues the court's sup-
port order should have provided such expenses for
the child over 18. *Johnson, supra.*

---

[6] MCLA 552.17a, *supra,* provides:

"The court shall have jurisdiction in making such order or judg-
ment relative to the minor child of such parties as authorized in this
chapter to award custody of each child to 1 of the parties or a third
person until each child has attained the age of 18 years and may
require either parent to pay such allowance as may be deemed proper
for the support of each child until each child shall have attained that
age *and may in case of exceptional circumstances, require payment of
such allowance for any child after he attains that age."* (Emphasis
supplied.)

[7] GCR 1963, 729.2(1) provides:

"The support order or final judgment shall specify the amount of
money ordered for the support of each child, if there is more than 1,
and shall provide for the payment of said support for each child until
each child reaches the age of majority or graduates from high school,
whichever is later, or, in exceptional circumstances, until the further
order of the court."

Defendant argues that the Age of Majority Act, in MCLA 722.52; MSA 25.244(52),[8] precludes any order of support after the age of 18. He relies on the Court of Appeals opinion in *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), *rev'd,* 395 Mich 6; 232 NW2d 630 (1975), wherein it was held that MCLA 552.17a, *supra,* and case law[9] only allow support up to the age of majority (18).

However, the Court of Appeals opinion in *Price* was reversed by this Court and the case provides controlling precedent here. The saving provision of the Age of Majority Act applies to this case, so we need go no further.

*"This act does not impair or affect* any act done, offense committed or *right accruing, accrued or acquired,* or a liability, penalty, forfeiture or punishment incurred *before this act takes effect,* but the same may be enjoyed, asserted and enforced, as fully and to the same extent as if this act had not been passed. Such proceedings may be consummated under and in accordance with the law in force at the time the proceedings are or were commenced. *Proceedings pending at the effective date of this act* and proceedings instituted thereafter for any act, offense committed, right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred before the effective date of this act *may be continued or instituted under and in accordance with the law in force at the time of the commission of the act, offense committed, right accruing,* accrued or acquired, or liability, penalty, forfeiture or

[8] MCLA 722.52, *supra,* provides:

"Notwithstanding any other provision of law to the contrary, a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age."

[9] *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956), *Titus v Titus,* 311 Mich 434; 18 NW2d 883 (1945).

punishment incurred." MCLA 722.54; MSA 25.244(54). (Emphasis added.)

In *Price,* the original petition for increased support for college expenses was filed on July 20, 1971 (the divorce occurred in 1967). The petition was held to be a proceeding "pending at the effective date of this act [January 1, 1972] * * * ". Therefore, the proceeding fell within the saving provision of the Age of Majority Act quoted above.

In the instant case, the complaint for divorce was filed October 1, 1971, and the judgment of divorce entered August 22, 1973. Therefore, the divorce proceeding was "pending at the effective date of this act". The saving provision of the Age of Majority Act applies. Because the saving provision applies, child support in the court's judgment should be awarded under law in existence prior to the Age of Majority Act. The judgment did not provide support for the oldest child, nor did the court indicate why no support was ordered.

Therefore, this case must be remanded to the trial court for consideration of whether support should be ordered for college education of the oldest child under MCLA 552.17a, *supra,* and case law.[10]

---

[10] *See Price v Price,* fn 5:

" 'Exceptional circumstances' of course, are something more than a perfunctory acceptance of the idea that every young person must go to college. It is taking into consideration matters such as 'the child's qualifications and desire to attend college, as well as the [parent's] ability to provide [him or her] with a college education'. *Johnson v Johnson,* 346 Mich 418, 426. Such factors as the student's aptitude and motivation to achieve higher education may be properly considered by the trial court, as well as the likelihood of the child's good faith performance. Special needs such as whether the individual may be handicapped mentally or physically or in need of other special training, or whether he or she is particularly gifted, are also relevant. Properly within the purview of the equity powers of the court is an evaluation of the costs of the student's education plans with consideration for travel, quality of education, and particular career aspirations.

### III. AMOUNT OF THE CHILD SUPPORT AWARD

Plaintiff also contends that the award of $45 for each minor child is not supported by the record. However, there is ample evidence in the record to support the award. Finances of both parties are in the record in sufficient detail. Needs of the children, while not stated in great detail, are apparent from the fact that the two minor children were in high school with one of them about to attend college while living at home.[11] Plaintiff had every opportunity to place more evidence regarding need for additional support in the record. In the tragic event of divorce involving children, it is rare that either party (or the children) can financially continue in the same lifestyle as when living together.

Pursuant to MCLA 552.17; MSA 25.97, plaintiff may always file a petition for increased support if more is required and warranted under the circumstances.

We affirm the support provisions for the two minor children.

### CONCLUSION

The Court of Appeals is reversed in part and affirmed in part.

The matter is remanded to the circuit court for such review of marital property disposition as may

"If the student 'shall fail or cease to attend or shall fail to make a satisfactory showing of scholastic progress', *Titus v Titus,* 311 Mich 434, 437; 18 NW2d 883, 885 (1945), this may be grounds for changing the support order."

[11] The trial judge concluded:

"Support in this matter is set in the amount of $45 per week per child for the two minor children. The court has made a finding that the husband's earnings approximate a ratio of three to one to that of the plaintiff's earnings. The court further made a determination that these two minor children's needs will be met at a figure of approximately $120 per week, of after-tax dollar."

be consistent with this opinion. Upon remand, the court also shall consider what, if any, support for college education should be awarded under such circumstances as may properly be brought before the court.

Kavanagh, C. J., and Levin, Fitzgerald, and Lindemer, JJ., concurred with Coleman, J.

Ryan, J., took no part in the decision of this case.

Williams, J. *(dissenting)*. Neither the trial court nor the Court of Appeals cited the statutes relevant to disposition of that part of the property settlement in this case resulting from the wife's inheritance.

The married women's act provides:

"That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations and engagements of her husband * * * ." MCLA 557.1; MSA 26.161.

The pertinent language of the divorce statute requires:

"The several circuit courts of the state of Michigan, sitting in chancery, may include in any decree of divorce, or for separate maintenance, entered therein appropriate provisions awarding to the husband all of the property, either real or personal, owned by the wife, or such portion thereof as may appear to the court to be equitable under all the circumstances of the case, *provided it shall have been made to appear* from the

evidence therein *that the husband contributed to the acquisition, improvement or accumulation of such property.* (Emphasis added.) MCLA 552.401; MSA 25.136.

There was, of course, no evidence that defendant husband "contributed to the acquisition, improvement or accumulation" of plaintiff wife's property that resulted from her separate inheritance.

Of the $55,000 plaintiff-appellant inherited during the marriage, $17,975 were spent on untraceable family expenses. Of the remainder, $9,525 was a down payment for the purchase of real property in Illinois, which was later sold, and the proceeds used for the purchase of the marital home in Michigan. $2,500 was spent to prepare that home for sale during the pendency of the divorce. She claims this $12,025 in traceable assets, in addition to the $25,000 balance of her inheritance, should be awarded to her. This position is supported by both case law and statute.

In *Johnson v Johnson,* 346 Mich 418, 423, 430; 78 NW2d 216 (1956), we affirmed without comment the trial court's return to the wife of $1,200 of her inheritance which she had expended in improving the marital property.

In reviewing the chancellor's division of property, the Court of Appeals in *Hostetler v Hostetler,* 46 Mich App 724, 727; 208 NW2d 596 (1973), not only considered the wife's contribution of her inheritance and a personal loan to her from her mother as an amount which still belonged to her alone, it also took into consideration the appreciation of the value of the real estate purchased with those funds in computing the value of plaintiff wife's share.

Even more directly, the Court of Appeals in a per curiam opinion, with Judge, now Justice, FITZ-GERALD as a member of the panel, upheld an

award in *Czuhai v Czuhai,* 30 Mich App 208, 210–211; 186 NW2d 32 (1971), in which traceable earnings of plaintiff wife used as a down payment for the marital residence, and which were earned during the marriage, were given to plaintiff before the division of marital property.

Construing MCLA 552.19; MSA 25.99,[1] and MCLA 552.401, the Court of Appeals in *Czuhai* held that "the court may grant to the wife her separate estates, or may grant to the husband some portion of it, provided the husband can show he contributed to its acquisition". 30 Mich App 210.

The logic of this applies as well to money expended by the wife from her own inheritance, which, since the married women's act, is as much her separate estate as her own earnings.

My colleagues rightly note that the Legislature has also provided MCLA 552.23; MSA 25.103 as further guidance to the trial court in its exercise of discretion in making a property award. That statute permits the court to award

"to either party such part of the real and personal estate of either party and such alimony out of the estate real and personal, to be paid to either party in gross or otherwise as it shall deem just and reasonable, having regard to the ability of either party and the character and situation of the parties, and all other circumstances of the case."

The trial judge, therefore, in construing all relevant statutes must find:

---

[1] The statute provides, in pertinent part, "[T]he court may * * * restor[e] to either party the whole, or such parts as it shall deem just and reasonable, of the real and personal estate that shall have come to either party by reason of the marriage, or * * * award * * * to either party the value thereof * * * ". Further authority was found in MCLA 557.11; MSA 26.171, giving a married woman the right to retain and dispose of her own earnings acquired during the marriage.

(1) The wife's inherited estate is her own property. MCLA 557.1.

(2) The only property of the wife which may be awarded to the husband in a decree of divorce is that in which "the husband contributed to the acquisition, improvement or accumulation of such property". MCLA 552.401.

(3) Such property may be awarded to the husband when, in the discretion of the court, the award would be otherwise insufficient for support and maintenance of himself and children who may be in his custody. MCLA 552.401 and MCLA 552.23.

It is elementary law, that, wherever possible, statutes bearing on the same subject should be construed together to give meaning to all. MCLA 552.23 permits the circuit court under appropriate circumstances to award "to either party such part of the real and personal estate of either party". However, what "real and personal estate" may be awarded is illuminated in other provisions, notably MCLA 552.401 and MCLA 557.1. The former permits the wife's property to which the husband has contributed to be awarded to the husband under appropriate circumstances. The latter, however, positively provides that property acquired before marriage or received afterwards "by gift, grant, inheritance, devise" etc. "shall be and remain the property of such female".

MCLA 552.23 properly construed cannot apply to property acquired by inheritance, or by means of funds acquired by inheritance. Defendant husband in no way contributed to the acquisition of such inherited funds. In conformance with these statutes, plaintiff, quite properly, is not claiming that portion of the property attributable to her husband's payment of home expenses, but only

portion of the purchase to which she alone contributed.

We would find, therefore, that an appropriate property division, construing the relevant statutes together, as we must, would include in an award to plaintiff the $12,025 in traceable funds she contributed from her inheritance to spend for real estate and to repair the marital home, as well as the approximately $25,000 remaining from her inheritance. Our Legislature has decreed that these amounts should not be part of the joint property.

I would reverse the trial court and the Court of Appeals and remand to the trial court for further action not inconsistent with this opinion.